J-S29044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BIENVENIDO RODRIGUEZ, JR. | : | |
| | : | |
| Appellant | : | No. 2137 EDA 2016 |

Appeal from the PCRA Order June 20, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s):  CP-39-CR-0005468-2013,
CP-39-CR-0005478-2013, CP-39-CR-0005480-2013

BEFORE:   LAZARUS, SOLANO, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JUNE 23, 2017**

Appellant, Bienvenido Rodriguez, Jr., appeals from the June 20, 2016, order entered in the Court of Common Pleas of Lehigh County denying his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, following an evidentiary hearing.  After a careful review, we affirm.

The relevant facts and procedural history are as follows:  Appellant was arrested in connection with the robbery of several stores, and on April 28, 2014, represented by assistant public defender David D. Ritter, Esquire, Appellant entered a negotiated guilty plea to six counts of robbery, one count of possession of drug paraphernalia, and one count of criminal

_____

[*] Former Justice specially assigned to the Superior Court.

conspiracy. The trial court ordered a pre-sentence investigation report and, following a sentencing hearing, on July 10, 2014, the trial court imposed an aggregate sentence of ten years to twenty-five years in prison.[1] Appellant filed a post-sentence motion for reconsideration of his sentence, which the trial court denied. Appellant filed a timely notice of appeal; however, on March 23, 2015, Appellant filed a counseled praecipe for discontinuance of the appeal, and accordingly, this Court marked the appeal discontinued on that same date.

On or about June 15, 2015, Appellant filed a timely *pro se* PCRA petition, the court appointed new counsel, and on October 30, 2015, counsel filed an amended PCRA petition. On January 6, 2016, the matter proceeded to a PCRA evidentiary hearing at which guilty plea counsel and Appellant testified. By order entered on June 20, 2016, the PCRA court denied Appellant's PCRA petition, and this timely, counseled appeal followed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

_____

[1] In its opinion, the trial court indicated "[t]he 10 year minimum was per a binding plea agreement reached by the parties." Trial Court Opinion, filed 10/14/14, at 1.

On appeal, Appellant presents five issues alleging the ineffective assistance of guilty plea counsel resulting in the entry of an unknowing and involuntary guilty plea.

Initially, we note:

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a *de novo* standard.

*Commonwealth v. Johnson*, --- Pa. ---, ---, 139 A.3d 1257, 1272 (2016) (quotation marks and quotations omitted).

Furthermore,

> In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which includes the ineffective assistance of counsel. 42 Pa.C.S.[A.] § 9543(a)(2)(i).
>
> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

*Commonwealth v. Benner*, 147 A.3d 915, 919–20 (Pa.Super. 2016) (quotation marks, quotations, and citations omitted).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not

require that [he] be pleased with the outcome of his decision to enter a plea of guilty. Instead, [Appellant] must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [A]ppellant to enter an involuntary or unknowing plea.

**Commonwealth v. Bedell**, 954 A.2d 1209, 1212 (Pa.Super. 2008) (citations, brackets, and quotation marks omitted).

Appellant's first claim is that guilty plea counsel was ineffective in failing to comply with Appellant's request for a pre-trial line-up, thus causing Appellant to enter an involuntary guilty plea.

At the PCRA hearing, Appellant testified that he had "a little visit" with guilty plea counsel on the day of his preliminary hearing and, at this time, he requested a line-up. N.T., PCRA hearing, 1/6/16.[2] However, as the PCRA court found, guilty plea counsel testified that he was not involved with Appellant's case at the time of the preliminary hearing and Appellant never asked him for a line-up. **See id.**; PCRA Court Opinion, filed 1/20/16, at 3. As was within its province, the PCRA court found guilty plea counsel's testimony to be credible. **See Johnson**, **supra** (holding appellate court is bound by PCRA court's credibility determinations). Thus, Appellant has failed

_____

[2] We note that the notes of testimony provided to us from the PCRA hearing are not paginated.

to demonstrate there is arguable merit to the underlying claim, and he is not entitled to relief. **Benner**, **supra**.

Appellant's next claim is that guilty plea counsel was ineffective in failing to provide and review all of the discovery with Appellant, thus causing Appellant to enter an unknowing guilty plea.

At the PCRA hearing, Appellant testified that, prior to the guilty plea colloquy, counsel did not review with him the police reports or other items of discovery. N.T., PCRA hearing, 1/6/16. Guilty plea counsel, on the other hand, testified he "certainly reviewed all discovery, looked over everything and saw if there were any potential issues that needed to be raised." **Id.** He indicated that he discussed these items with Appellant. **Id.** He further testified that, at a second meeting with Appellant, he and Appellant "talked about any issues that may have been in the file." **Id.** Further, guilty plea counsel specifically testified that, some time after the second meeting, he "went over the discovery with [Appellant]." **Id.**

As to whether guilty plea counsel made a copy of the discovery and gave it to Appellant, guilty plea counsel testified that he has no specific recollection if that occurred in this case, but it is his normal practice to do so. **Id.**

Based on the aforementioned, finding guilty plea counsel's testimony to be credible, the PCRA court found no arguable merit to Appellant's underlying claim that guilty plea counsel did not provide and review the

discovery documents with Appellant prior to the entry of a guilty plea. PCRA Court Opinion, filed 1/20/16, at 3. We find the PCRA court's determination is supported by the record and free of legal error. *See Johnson*, *supra*.

Appellant's next claim is that guilty plea counsel was ineffective in failing to file a motion seeking to suppress Appellant's confession prior to the guilty plea colloquy, thus causing Appellant to enter an involuntary guilty plea.

In reviewing this issue, we bear in mind that "with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate it is reasonably probable that, but for counsel's error, he would not have pleaded guilty and would have gone to trial." *Commonwealth v. Timchak*, 69 A.3d 765, 770 (Pa.Super. 2013).

In this regard, in rejecting Appellant's claim, the PCRA court found that "[guilty plea counsel] stated [Appellant] never brought up any issues regarding his statement to the police. Rather, [Appellant] was concerned with getting a better offer from the Commonwealth, and [he] was happy when the offer was for a 10 year maximum." PCRA Court Opinion, filed 1/20/16, at 4. Thus, Appellant did not prove that, but for counsel's omission, he would not have pleaded guilty. We find the PCRA court's determination is supported by the record and free of legal error. *See Johnson*, *supra*.

For instance, at the PCRA hearing, guilty plea counsel confirmed that, during his initial interview with Appellant, he discussed with him the then current plea offer, which was a minimum sentence with a cap of fifteen years in prison. N.T., PCRA hearing, 1/6/16. Appellant did not express that he wished to file any pre-trial motions or proceed to trial; however, he expressed displeasure with the plea offer of fifteen years. *Id.* Guilty plea counsel testified that, in response to Appellant's displeasure, he met with the district attorney and "made a pitch" for a lesser minimum sentence. *Id.* Within thirty days, the Commonwealth "indicated [it] would make a final offer for [Appellant] to resolve all of his cases with a new cap at 10 years." *Id.*

Guilty plea counsel testified he informed Appellant of the new offer and also informed Appellant that he could alternatively fight the case by filing motions. *Id.* Guilty plea counsel indicated Appellant was "actually elated" with the new guilty plea offer and informed counsel that he wanted to "head in that direction." *Id.* Thereafter, Appellant signed the written guilty plea colloquy, in which he acknowledged that, by pleading guilty, he was giving up the right to challenge the evidence the Commonwealth would present against him. Thus, we agree with the PCRA court that guilty plea counsel cannot be deemed ineffective on this basis. *See Benner*, *supra*.

Appellant's next claim is that guilty plea counsel was ineffective in permitting Appellant to enter an unknowing and involuntary guilty plea since

(1) Appellant was unable to focus and concentrate at the hearing because he was taking psychotropic medication, (2) counsel promised Appellant that he would receive a minimum sentence of less than ten years, and (3) counsel promised Appellant that he would serve his sentence at a psychiatric hospital.

In rejecting Appellant's claim, the PCRA court indicated the following:

> The record is clear that [Appellant] understood what he was doing by pleading guilty. He completed both a written and oral colloquy, wherein he indicate[d] he understood the charges against him, the maximum sentences, and what he was doing by pleading guilty. [Guilty plea counsel] testified that he reviewed each of the charges with [Appellant] and that [Appellant] was coherent and appeared to understand everything that was going on. [The PCRA court judge, who was also the guilty plea hearing judge,] observed [Appellant] at his plea, and he appeared to be coherent and not under the influence of any medication. Additionally, [the PCRA court does] not find credible [Appellant's] testimony that [guilty plea counsel] made any promises regarding the sentence he would receive.

PCRA Court Opinion, filed 1/20/16, at 4-5. We find the PCRA court's determination is supported by the record and free of legal error. **See Johnson**, **supra**.

We note that, during the guilty plea colloquy, the trial court questioned Appellant extensively regarding his mental awareness and use of medications. N.T., guilty plea hearing, 4/28/14, at 8-9. Appellant specifically denied that he had any physical or mental problems that affected his ability to understand the proceedings. **Id.** at 8. Appellant indicated that he took a prescribed medication, Seroquel, within twenty-four hours of the

guilty plea hearing; however, he specifically denied that he was "under the influence of any substance[.]" *Id.* at 9. Appellant admitted that he understood what was occurring at the hearing. *Id.* at 8-9. *See Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa.Super. 2011) (holding that a person who elects to plead guilty is bound by the statements he made during the plea colloquy and may not later assert grounds for withdrawing the plea which contradict those statements).

Moreover, with regard to his assertion that guilty plea counsel promised him that he would receive a minimum sentence of less than ten years in prison and/or that he would serve his sentence at a psychiatric hospital, we note that, during the guilty plea colloquy, the Commonwealth indicated that "the plea agreement in this case is a cap of 10 years. We have not made an agreement as to concurrency or consecutive, but [the court] can fashion this in any manner that [it] would like." N.T., guilty plea hearing, 4/28/14, at 3. The trial court specifically asked Appellant if he understood that, if the trial court approved the plea agreement, Appellant could receive a minimum sentence of ten years in prison, and Appellant responded affirmatively. *Id.* at 4, 26. The trial court asked Appellant if he had any other questions about the plea agreement, and Appellant responded negatively. *Id.* Further, the written plea colloquy confirms that Appellant affirmatively indicated that he understood that, if the trial court accepted the plea bargain, Appellant would be sentenced in accordance therewith. *See*

Written Guilty Plea Colloquy, 4/28/14, at 7. At the oral colloquy, Appellant confirmed that he understood and answered honestly all of the questions on the written colloquy. Thus, guilty plea counsel cannot be deemed ineffective on this basis. *See Benner*, *supra*.

Appellant's next claim is that guilty plea counsel was ineffective in proceeding to sentencing absent a mental health evaluation. In rejecting Appellant's claim, the PCRA court indicated the following:

> I find no merit to [Appellant's] claim that [guilty plea counsel] failed to follow-up on a mental health evaluation for [Appellant] to aid in sentencing. The record is clear that [guilty plea counsel] requested a mental health evaluation at the time of the guilty plea. It was [the] court's decision to leave a mental health evaluation up to the discretion of the adult probation department.
>
> Furthermore, [guilty plea counsel] requested a continuance in order to secure [Appellant's] mental health records from [the] State Prison to aid in sentencing, and argued vigorously for a reduced sentence based on [Appellant's] mental health issues. As such, [there is] no merit to [Appellant's] underlying claim.

PCRA Court Opinion, filed 1/20/16, at 5. We find the PCRA court's determination is supported by the record and free of legal error. *See Johnson*, *supra*.

For all of the foregoing reasons, we affirm the PCRA court's denial of Appellant's first PCRA petition.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/23/2017