J-S64006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| NGOC HUONG LE | |
| Appellant | No. 662 MDA 2017 |

Appeal from the PCRA Order March 29, 2017
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000812-2014

BEFORE:  PANELLA, J., SHOGAN, J., and FITZGERALD*, J.

MEMORANDUM BY PANELLA, J.                **FILED DECEMBER 04, 2017**

Appellant, Ngoc Huong Le, appeals from the order entered in the Lebanon County Court of Common Pleas, which dismissed her petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history of this case are as follows. On December 18, 2014, Appellant pled guilty to one count each of criminal attempt – possession with intent to deliver, possession with intent to deliver, criminal use of a communication facility, possession of controlled substance, and possession of drug paraphernalia.[1] Pursuant to the terms of a plea

_____

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 901(a), 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 7512(a), 35 P.S. § 780-113(a)(16), and 35 P.S. § 780-113(a)(32), respectively.

agreement, Appellant was sentenced to a term of one to three years' imprisonment. Appellant did not file a direct appeal. However, she filed a timely *pro se* PCRA petition on February 19, 2016.

After the PCRA court appointed counsel, Appellant filed an amended petition. Through her amended petition, Appellant alleged ineffective assistance of pre-trial counsel. Specifically, Appellant averred that pre-trial counsel assured her that her sentence would run concurrent to an anticipated future sentence for a state parole violation. As Appellant did not receive a concurrent sentence for her state parole violation, she argued her guilty plea was unknowingly entered and involuntarily induced.

The PCRA court held hearings on Appellant's claims. Appellant testified that Attorney Adams from the Lebanon County Public Defender's office represented her from the date of her preliminary hearing until October 2014. *See* N.T., PCRA Hearing, 8/29/16, at 6. In exploring Appellant's options, both Appellant and Attorney Adams understood that Appellant's state parole status at the time of her arrest would trigger a violation hearing, and additional prison time, for receiving new charges. *See id*., at 7. However, Appellant claimed that Attorney Adams assured her that if Appellant accepted the Commonwealth's guilty plea offer of one to three years' imprisonment, this time would run concurrently with any time received for violating her state parole. *See id*., at 7, 8. Based upon this information, Appellant turned down an offer of rehabilitation and accepted the Commonwealth's plea offer by

signing a written guilty plea colloquy on September 15, 2014. **See id**., at 7, 11. Appellant did not provide any additional evidence in support of her claims.

In response, Attorney Adams confirmed that she represented Appellant through guilty plea negotiations. **See** N.T., PCRA Hearing, 10/20/16, at 4-6. However, though Attorney Adams confirmed that while she would have discussed the state parole violation with Appellant, she would have never promised that the instant charges would run concurrent because the State Parole Board, rather than the trial court, would have had control over that aspect of sentencing. **See id**., at 6. Further, Attorney Adams noted that if any agreement to consecutive or concurrent time had taken place, she would have noted it on the written guilty plea agreement—and she did not. **See id**., at 8.

The Commonwealth also presented the testimony of Appellant's guilty plea counsel, Attorney Judd. Attorney Judd testified that she was not aware of any stipulation at the time of Appellant's guilty plea that her sentence was to run concurrently with any state parole sentence. **See id**., at 19-20. Further, if there was an agreement to this effect, Attorney Judd explained that she would have expected to see this noted on the written guilty plea colloquy and in the oral colloquy at sentencing. **See id**., at 21. However, neither the written guilty plea colloquy or oral colloquy contained any mention of a concurrent parole violation sentence. **See id**.

The PCRA court denied Appellant's petition. This timely appeal follows. Appellant presents the following question for our review.

1. Whether [guilty p]lea [c]ounsel was ineffective for advising Appellant of inaccurate information regarding her sentence, thereby causing her to enter into a plea that was unknowing, unintelligent, and involuntary.

Appellant's Brief, at 4.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). The PCRA court's findings will not be disturbed unless the certified record lacks support for the findings. ***See Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted).

In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which included the ineffective assistance of counsel.

It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner had the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

*Commonwealth v. Benner*, 147 A.3d 915, 919-920 (Pa. Super. 2016) (quotation marks and citations omitted).

Allegations of counsel's ineffectiveness during the guilty plea process are cognizable under the PCRA. *See Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as the basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. 2003) (citation omitted).

Appellant's claim rests upon her contention that Attorney Adams promised that her sentence would run concurrent to her state parole violation sentence. Attorney Adams denied making any such promise. Additionally, both Attorney Adams and Attorney Judd testified that any agreement for concurrent sentencing would have been noted in the written guilty plea colloquy, and that no such notation exists.

In ruling against Appellant, the PCRA court accepted counsel's testimony as credible and accurate and squarely rejected Appellant's version of events. *See* PCRA Court Opinion, 3/30/17, at 9. As this credibility determination is supported by the testimony of record, we are bound by those determinations. *See Anderson*, 995 A.2d at 1189.

Appellant has failed to demonstrate there is arguable merit to the underlying claim of ineffectiveness. Therefore, there is no basis to conclude

that ineffective assistance of counsel caused her to enter an involuntary guilty plea.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/2017