J-A29028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD MCARTHUR, | |
| Appellant | No. 3852 EDA 2016 |

Appeal from the PCRA Order December 12, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0001020-2010

BEFORE: LAZARUS, J., PLATT, J.,* and STRASSBURGER, J.*

MEMORANDUM BY PLATT, J.: **FILED DECEMBER 29, 2017**

Appellant, Edward McArthur, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On August 3, 2010, the trial court convicted Appellant after a bench trial of robbery, burglary, theft, criminal trespass, firearm violations, and simple assault. The charges related to Appellant's participation in an armed home invasion in Philadelphia. Three individuals were present in the home at the time; namely, a fifteen-year-old female, her elderly grandmother, and her grandmother's friend.

_____

* Retired Senior Judge assigned to the Superior Court.

On January 24, 2011, the trial court sentenced Appellant to an aggregate term of incarceration of not less than ten nor more than twenty years. Appellant filed a direct appeal, and this Court affirmed the judgment of sentence on May 17, 2012. (*See Commonwealth v. McArthur*, 50 A.3d 244 (Pa. Super. 2012)). Our Supreme Court denied further review on April 5, 2013. (*See Commonwealth v. McArthur*, 63 A.3d 1245 (Pa. 2013)).

Appellant filed his timely first PCRA petition *pro se* on July 8, 2013. Appointed counsel filed an amended petition on August 3, 2014. The PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing on November 10, 2016, *see* Pa.R.Crim.P. 907(1), and formally dismissed it on December 12, 2016. Appellant timely appealed.[1]

Appellant raises two questions for this Court's review:

I.     Is Appellant entitled to post-conviction relief in the form of leave to file a post-sentence motion *nunc pro tunc* [or] a remand for an evidentiary hearing?

[II.]  Is Appellant entitled to PCRA relief in the form of the grant of leave to file a post-sentence motion *nunc pro tunc* in the nature of a motion for reconsideration of sentence or a remand for an evidentiary hearing since trial counsel rendered ineffective assistance of counsel when he failed to consult with Appellant concerning the filing of a post-sentence motion in the nature of a motion for reconsideration of sentence and failed to file such a motion?

(Appellant's Brief, at 4).

---

[1] Pursuant to the court's order, Appellant filed a concise statement of errors complained of on appeal on December 22, 2016. The court filed an opinion on July 19, 2017. *See* Pa.R.A.P. 1925.

- 2 -

Our standard of review of this matter is well-settled.

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

> In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which includes the ineffective assistance of counsel. 42 Pa.C.S.[A.] § 9543(a)(2)(i).

***Commonwealth v. Benner***, 147 A.3d 915, 919-20 (Pa. Super. 2016) (case citation omitted).

Instantly, Appellant complains that counsel was ineffective for failing to consult with him about filing a post-sentence motion raising a discretionary aspects of sentence claim, and that the court erred in denying his PCRA petition without a hearing. (***See*** Appellant's Brief, at 16, 19, 31-34). Appellant's claims lack merit.

> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis

- 3 -

for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

*Benner*, *supra* at 920 (citations and quotation marks omitted).

Further:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa. Super. 2017) (citations and quotation marks omitted). "Where a sentencing court is informed by a [presentence investigation (PSI)] report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Haynes*, 125 A.3d 800, 807 n.3 (Pa. Super. 2015), *appeal denied*, 140 A.3d 12 (Pa. 2016) (citation and internal quotation marks omitted).

Here, the court explained:

. . . [T]he standard guidelines sentence for each of the three robbery counts alone, imposed consecutively, would have resulted in a sentence of 19 ½ to 39 years. After a sentencing hearing and a careful consideration of the record, the court sentenced [Appellant] to ten to twenty years' incarceration with 10 years' probation. [Appellant] was charged with several charges, all of which run concurrently. Although [Appellant] asserts that the sentence is unreasonable, there is no evidence given by [him] for

- 4 -

this conclusion. While some individual counts might fall somewhat above the advisory guidelines, the total sentence is well within them. The court explicitly considered the presentence and psychiatric evaluations, [the facts of the case, and Appellant's work and criminal histories]. (*See* N.T. Sentencing, 1/24/11, at 4, 9-10). [Further, the trial court imposed a sentence well below the term of not less than twenty-four nor more than forty-eight years' incarceration requested by the Commonwealth. (*See id.* at 8, 12).]

(Trial Ct. Op., at 5) (record citation formatting and some record citations provided).

Based on the foregoing, and our independent review of the record, we conclude that the trial court did not abuse its discretion in sentencing Appellant, particularly in light of the fact that it possessed his PSI and psychiatric evaluation. *See Bullock*, *supra* at 1123; *Haynes*, *supra* at 807 n.3. Hence, Appellant has failed to prove that he suffered any prejudice by counsel's decision not to file a post-sentence motion challenging the discretionary aspects of sentence where it would not have merited relief. *See Benner*, *supra* at 919-20; *see also Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. Super. 2014) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.") (citation omitted). Accordingly, Appellant's claim of counsel's ineffectiveness lacks merit.

We further note that, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super.

2008) (citation omitted). Therefore, here, because the PCRA court could determine from the record that Appellant's claim contained no genuine issue of material fact, it properly denied his petition without a hearing. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/17