J-S05041-19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA,   :      IN THE SUPERIOR COURT OF
                                :              PENNSYLVANIA

             Appellee       :

                             :

             v.                :

                             :

ERIC RAMBERT,              :

                           :

           Appellant      :      No. 1395 WDA 2018

Appeal from the PCRA Order Entered August 7, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002765-1987

BEFORE:  PANELLA, P.J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.            APRIL 05, 2019

Eric Rambert (Appellant) pro se appeals from the August 7, 2018 order dismissing his eleventh petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

> On August 26, 1987, a jury convicted Appellant of assault by a prisoner, riot, and conspiracy. The court sentenced Appellant on November 10, 1987, to an aggregate term of [6 to 25] years' imprisonment. On November 30, 1988, this Court affirmed the judgment of sentence. See Commonwealth v. Rambert, 555 A.2d 248 (Pa. Super. 1988) (unpublished memorandum). Appellant did not pursue further direct review, so the judgment of sentence became final on or about December 30, 1988.
>
> On May 23, 2017, Appellant filed a pro se "Motion to Modify Sentence," which was actually his tenth PCRA petition. The court denied the petition on June 6, 2017, without notice, per Pa.R.Crim.P. 907, or an evidentiary hearing.

Commonwealth v. Rambert, 193 A.3d 1114 (Pa. Super. 2018) (unpublished memorandum at 1). This Court affirmed the denial of

_____

* Retired Senior Judge assigned to the Superior Court.

Appellant's tenth PCRA petition because it was untimely filed. Id. Appellant filed a petition for allowance of appeal with our Supreme Court, which was ultimately denied on January 9, 2019. Commonwealth v. Rambert, 2019 WL 141466 (Pa. 2019).

Meanwhile, on June 6, 2018, Appellant pro se filed the instant PCRA petition, his eleventh, based on newly-discovered evidence.[1] Motion for Post Conviction Collateral Relief, 6/6/2018. On August 7, 2018, the PCRA court dismissed Appellant's petition, after providing notice of its intent to do so without a hearing pursuant to Pa.R.Crim.P. 907,[2] because the appeal of Appellant's prior PCRA petition was pending before this Court at the time Appellant filed the instant PCRA petition. See Notice of Intent Dismiss, 7/3/2018.

This timely filed appeal followed.[3] On appeal, Appellant claims the PCRA court erred in dismissing his PCRA petition. Appellant's Brief at 3.

We begin with our standard of review. "Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb

---

[1] Specifically, Appellant claimed that on May 24, 2018, he received a supplemental report authored by Sergeant Terry McMaster, dated February 20, 1987, from his co-defendant. Motion for Post Conviction Collateral Relief, 6/6/2018, at 2.

[2] Appellant did not file a response to the Pa.R.Crim.P. 907 notice.

[3] Though ordered to comply with Pa.R.A.P. 1925(b), Appellant failed to file a concise statement. See Order, 10/10/2018. Based on our disposition, we decline to address Appellant's failure to comply with this order. The PCRA court complied with Pa.R.A.P. 1925(a).

a PCRA court's ruling if it is supported by evidence of record and is free of legal error." Commonwealth v. Benner, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting Commonwealth v. Perry, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

Here, the PCRA court dismissed Appellant's PCRA petition as premature because an appeal from Appellant's prior PCRA petition was pending at the time Appellant filed the instant PCRA petition. PCRA Court Opinion, 11/7/2018, at 1-2.

In Commonwealth v. Lark, 746 A.2d 585 (Pa. 2000), our Supreme Court held "that when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." Id. at 588 (footnote omitted).

On appeal, Appellant contends that the PCRA court had jurisdiction to entertain his petition because the pending appeal was from the denial of a motion to modify sentence, not a PCRA petition, and Appellant was required to file the instant PCRA petition within 60 days of discovering the alleged newly-discovered evidence. Appellant's Brief at 7-8; Appellant's Reply Brief at 3-4.

In Appellant's prior appeal, this Court concluded that Appellant's motion to modify sentence "was actually his tenth PCRA petition."

- 3 -

Rambert, 193 A.3d 1114 (unpublished memorandum at 1). Thus, pursuant to Lark, Appellant could not file the instant PCRA petition until "resolution of review of the pending PCRA petition by the highest state court in which review [wa]s sought, or upon the expiration of the time for seeking such review." 746 A.2d at 588. Accordingly, the PCRA court lacked jurisdiction to review Appellant's eleventh PCRA petition, and the PCRA court did not err in denying Appellant's PCRA petition as premature.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2019

---

[4] We are cognizant that Appellant mistakenly believed he was required to file the instant PCRA petition when he did based on his alleged newly-discovered evidence. However, Appellant's confusion does not confer jurisdiction upon the PCRA court. Because any PCRA petition would be patently untimely given that Appellant's judgment of sentence became final in 1988, any petition invoking a timeliness exception must be filed within one year of the order which finally resolves the previous PCRA petition, because that is the first date that the claim could have been presented. See 42 Pa.C.S. § 9545(b)(2) (effective December 24, 2018) (extending the time for filing from 60 days of the date the claim could have been presented, to one year). Our Supreme Court denied Appellant's petition for allowance of appeal on January 9, 2019. Thus, if Appellant wishes to pursue a PCRA petition based on his alleged newly-discovered evidence, he must file that petition with the PCRA court by January 9, 2020.