J-S09038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY L. COTTLE, | |
| Appellant | No. 3033 EDA 2015 |

Appeal from the PCRA Order September 11, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0008459-2009

BEFORE:  SHOGAN, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED MARCH 15, 2017**

Appellant, Timothy L. Cottle, appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We take the relevant facts and procedural history of this case from our independent review of the certified record.  On February 11, 2011, a jury convicted Appellant of aggravated assault and simple assault.[1]  The conviction stems from Appellant's June 2009 assault of his first cousin, Charvelleite Witcher Williams, in the basement of his father's home.  During the attack, Appellant grabbed Ms. Williams by the neck, threatened to kill

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a) and 2701(a), respectively.

her, beat her, and bit her ring finger; she sustained injuries to her face, teeth, eyes, forehead, and finger as a result. On March 25, 2011, the trial court sentenced Appellant to a term of not less ten nor more than twenty years' imprisonment. This Court affirmed Appellant's judgment of sentence on May 16, 2012, and our Supreme Court denied his petition for allowance of appeal on November 9, 2012. (*See Commonwealth v. Cottle*, 50 A.3d 243 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 57 A.3d 66 (Pa. 2012)).

On March 29, 2013, Appellant filed a timely *pro se* PCRA petition. Appointed counsel filed an amended petition on February 8, 2015. The Commonwealth filed a motion to dismiss the petition, and the PCRA court issued notice of its intent to dismiss it on August 7, 2015. *See* Pa.R.Crim.P. 907(1). The court entered its order dismissing the petition on September 11, 2015. This timely appeal followed.[2]

Appellant raises the following questions for our review:

I. Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging counsel was ineffective[?]

II. Whether the [PCRA] court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness[?]

_____

[2] Appellant filed a concise statement of errors complained of on appeal on November 5, 2015, although the PCRA court did not order him to file one. The court entered an opinion on June 7, 2016. *See* Pa.R.A.P. 1925.

(Appellant's Brief, at 8).[3]

Appellant's issues on appeal challenge the effectiveness of trial counsel. Specifically, Appellant argues that counsel was ineffective for failing to hire a handwriting expert to testify regarding Ms. Williams' diary. (*See* Appellant's Brief, at 16-17). At trial, Ms. Williams testified that some of the entries in her diary pertaining to Appellant had been altered, and Appellant claims the implication of this testimony was that he had written the entries. (*See id.*; *see also* N.T. Trial, 2/09/11, at 136-40, 143-47, 167-68, 173). Appellant also contends that counsel was ineffective for failing to seek a continuance when the Commonwealth advised that an additional witness, Kenneth Brown, would testify at trial. (*See* Appellant's Brief, at 17-19). Our standard of review is as follows:

> When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, we are bound by a PCRA court's credibility determinations. However, with regard to a court's legal conclusions, we apply a *de novo* standard.

***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (citation and quotation marks omitted).

Furthermore,

_____

[3] We have re-ordered Appellant's issues for ease of disposition. The first issue contains two sub-issues, the first challenging counsel's failure to hire a handwriting expert, and the second challenging her failure to request a continuance. (*See* Appellant's Brief, at 16-19).

In order to be eligible for PCRA relief, the petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found in Section 9543(a)(2), which includes the ineffective assistance of counsel. 42 Pa.C.S. § 9543(a)(2)(i).

It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

**Commonwealth v. Benner**, 147 A.3d 915, 919–20 (Pa. Super. 2016) (case citations and quotation marks omitted).

Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. . . .

We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the case. Finally, counsel cannot be deemed ineffective for failing to raise a meritless claim.

**Johnson**, **supra** at 1272 (citations omitted).

In the first sub-issue, Appellant claims that counsel should have secured a handwriting expert to testify regarding Ms. Williams' diary, because such testimony would have rebutted the implication that Appellant altered some of the entries. (**See** Appellant's Brief, at 16-17). This argument does not merit relief.

- 4 -

Where a claim is made of counsel's ineffectiveness for failing to call witnesses, it is the appellant's burden to show that the witness existed and was available; counsel was aware of, or had a duty to know of the witness; the witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice to the appellant. The mere failure to obtain an expert rebuttal witness is not ineffectiveness. Appellant must demonstrate that an expert witness was available who would have offered testimony designed to advance appellant's cause. . . .

***Commonwealth v. Treiber***, 121 A.3d 435, 454 (Pa. 2015) (citation omitted).

Here, Appellant has not even identified a handwriting expert who was willing and available to appear at trial to testify favorably on his behalf regarding the diary entries. (***See*** Appellant's Brief, at 16-17; Amended PCRA petition, 2/08/15, at 9-10). Further, Appellant failed to establish that such testimony would have altered the outcome of his trial where Ms. Williams testified in detail about the violent attack, which she reported immediately to police, during which Appellant threatened to kill her, attempted to break her neck, slammed her head into a utility sink, and bit her ring finger. (***See*** N.T. Trial, 2/09/11, at 42-47). Thus, we reject Appellant's claim that counsel was ineffective for failing to call an expert handwriting witness. ***See Treiber***, ***supra*** at 454; ***Johnson***, ***supra*** at 1272.

Appellant next alleges that counsel was ineffective for failing to request a continuance when the Commonwealth advised that it would call additional witness, Kenneth Brown. (***See*** Appellant's Brief, at 17-19). Appellant claims that a continuance was necessary in order for counsel to

prepare adequately for Mr. Brown's testimony, and that "[t]he failure to request such a continuance amounts to a complete lack of due diligence in representing Appellant at trial." (*Id.* at 18).  This argument does not merit relief.

The record reflects that, before trial, defense counsel spoke with Mr. Brown on the telephone about his recollection of events on the day of the assault on Ms. Williams.  (*See* N.T. Trial, 2/09/11, at 7-8, 10-11).  Although the Commonwealth did not initially plan to call Mr. Brown as a witness because it had not made contact with him, it decided to call him after speaking with him on the evening before trial.  (*See id.* at 8-10).  On the morning of trial, the Commonwealth provided defense counsel with notes of its conversation with Mr. Brown, and made her aware of the anticipated substance of his testimony.  (*See id*. at 7, 9).  Defense counsel informed the court that there were discrepancies between what Mr. Brown had reported to her, and what he reported to the Commonwealth, and requested that the court preclude his testimony because she had not had sufficient time to prepare for it.  (*See id.* at 7-8, 11-12).  The court denied the request, stated that counsel could question Mr. Brown about any inconsistencies, and that it was for the jury to determine his credibility.  (*See id.* at 11-13).  Defense counsel then vigorously cross-examined Mr. Brown regarding the alleged discrepancies.  (*See id.* at 191-93).

After review of the record, we discern no prejudice to Appellant as a result of defense counsel's decision not to seek a continuance.  ***See***

*Johnson*, *supra* at 1272. The record demonstrates that counsel did challenge Mr. Brown's testimony, the court was not amenable to granting a continuance request, and that counsel was able to cross-examine Brown effectively regarding any discrepancies. Thus, Appellant's claim that counsel was ineffective for failing to request a continuance lacks merit.

Finally, we address Appellant's contention that the PCRA court erred in denying his petition without holding an evidentiary hearing on his ineffective assistance of counsel claims. (*See* Appellant's Brief, at 14-15). This issue merits no relief.

"[T]he right to an evidentiary hearing on a post-conviction petition is not absolute." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citation omitted). The PCRA court may dismiss a petition without a hearing when it determines "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings[.]" Pa.R.Crim.P. 909(B)(2). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Johnson*, *supra* at 1273 (citation omitted).

Instantly, Appellant has failed to raise any genuine issue of fact that, if resolved in his favor, would entitle him to relief on his ineffectiveness claims. We discern no abuse of discretion in the PCRA court's dismissal of his

petition without a hearing. ***See id.*** Therefore, Appellant's final issue does not merit relief. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/15/2017