J-S27001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FREDDIE KNIGHT | : | |
| | : | |
| Appellant | : | No. 804 WDA 2017 |

Appeal from the PCRA Order May 2, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005253-2012

BEFORE:   OLSON, J., OTT, J., and COLINS\*, J.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 17, 2019**

Appellant, Freddie Knight, appeals from the order entered on May 2, 2017 in the Criminal Division of the Court of Common Pleas of Allegheny County that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual background of this case as follows.

> [On December 13, 2012, at docket number CP-02-CR-0005253-2012 (5253-2012), Appellant entered open guilty pleas to one count each of accidents involving death or personal injury (75 Pa.C.S.A. § 3742(A)), resisting arrest (18 Pa.C.S.A. § 5104), accidents involving death or personal injury by a person not properly licensed (75 Pa.C.S.A. § 3742.1(A)), and fleeing or attempting to elude an officer (75 Pa.C.S.A.§ 3733(A)).]
>
> The underlying incident for which [Appellant] was charged occurred on February 12, 2012.  On that date, [Appellant] did not have a valid driver's license.  Nonetheless, [Appellant] drove a vehicle onto a sidewalk and pinned [a pedestrian's] leg and foot

_____

\*   Retired Senior Judge assigned to the Superior Court.

between his vehicle and a cement [staircase], pulverizing the bones in her leg. [Appellant] fled the scene in his vehicle and was arrested shortly thereafter following a high speed car chase and foot chase that ended in deployment of a Taser against [Appellant]. The victim suffered substantial [injuries] from this incident, includ[ing] amputation of her leg below the knee.

[Appellant received an aggregate sentence of five to ten years' incarceration on April 3, 2013. Thereafter, Appellant] filed a post-sentence motion on April 12, 2013, which the [trial court denied on] April 23, 2013.

[Plea counsel] was thereafter granted leave to withdraw[, and a public defender was appointed] to represent [Appellant] for purposes of appeal.

[Appellant filed a timely direct appeal and this Court affirmed his judgment of sentence on September 2, 2014.]

On April 16, 2015, [Appellant] filed a timely *pro se* PCRA petition. [Appointed counsel thereafter filed an amended petition on] March 28, 2016. The Commonwealth filed its answer on May 12, 2016.

On March 7, 2017, an evidentiary hearing was held[] and the [PCRA] court [received testimony from trial counsel, direct appeal counsel, and Appellant. By order entered on May 2, 2017, the PCRA court dismissed Appellant's petition for collateral relief. Counsel for Appellant filed a notice of appeal on June 1, 2017.]

PCRA Court Notice, 4/6/17, at 2.

Appellant's brief develops the following claims for our consideration.

Whether the PCRA court erred in finding that Appellant's counsel was not ineffective for failing to inform Appellant that he had a right to a trial regardless of his income, for making improper promises to Appellant regarding the potential length of his sentence, and for failing to inform Appellant that he had a right to seek withdrawal of his guilty plea, all of which caused Appellant's plea to be involuntary, unknowing, and unintelligent?

Whether the PCRA court erred in finding that appellate counsel was not ineffective for waiving a challenge to the discretionary

aspects of Appellant's sentences for fleeing and eluding and resisting arrest on direct appeal?

*See* Appellant's Brief at 8.

Appellant's opening claim challenges the effectiveness of plea counsel, claiming that counsel's subpar performance caused Appellant to enter involuntary, unknowing, and unintelligent guilty pleas. In particular, Appellant asserts that counsel improperly induced an invalid plea when he instructed Appellant to plead guilty because he lacked sufficient funds to proceed to trial. Next, Appellant claims that counsel was ineffective for promising that, if Appellant pled guilty, he would receive a short jail sentence similar to one received by Appellant's relative. Finally, Appellant asserts that counsel was ineffective in failing to inform him that he had a right to seek withdrawal of his guilty plea.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quotations marks and quotation omitted). This Court is limited to determining whether the evidence of record supports the factual findings of the PCRA court and whether its ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). "Generally, we are bound by a PCRA court's credibility determinations [to the extent they are supported by the record]. However, with regard to a court's legal conclusions, we apply

a *de novo* standard." ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272

(Pa. 2016) (quotation marks and quotations omitted).

We review claims of ineffective assistance of counsel under the following

guidelines:

> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced [her]. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

***Commonwealth v. Benner***, 147 A.3d 915, 919–920 (Pa. Super. 2016)

(quotation marks, quotations, and citations omitted).

> Additionally:
>
> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citations

and internal quotation marks omitted).

- 4 -

Appellant is not entitled to relief on his opening issue. Here, the PCRA court reviewed the transcript of Appellant's PCRA hearing and credited the testimony offered by plea counsel, which factually undermined Appellant's claims. The PCRA court specifically found that counsel explained to Appellant that he would owe additional attorneys' fees if he proceeded to trial but counsel did not tell Appellant that he could not afford to go to trial. In addition, Appellant concedes in his brief that the plea colloquy contained a statement about Appellant's right to proceed with appointed counsel at no cost. *See* Appellant's Brief at 23. The PCRA court further found that plea counsel did not discuss a sentence imposed upon Appellant's relative in discussing possible punishments in this case. Instead, the court determined that counsel discussed the guidelines applicable to Appellant's circumstances and that counsel noted that the sentencing court could exceed the aggravated range if it found reason to do so. Counsel also advised Appellant that the range of possible punishments could increase if he were arrested in a second case prior to sentencing. Lastly, the PCRA court believed counsel when he testified that he advised Appellant of the right to withdraw a guilty plea prior to sentencing. *See* PCRA Court Notice, 4/6/17, at 3. These factual findings by the PCRA court are supported by the record; hence, we are bound by them. Appellant's first issue, therefore, merits no relief.

In his second issue, Appellant contends that both plea and appellate counsel were ineffective for waiving a challenge to the discretionary aspects

of Appellant's sentences for fleeing and eluding and resisting arrest on direct appeal. On direct appeal, this Court determined that Appellant waived this challenge because it was not included in his motion for reconsideration or in a court-ordered Rule 1925(b) statement. *See Commonwealth v. Knight*, 911 WDA 2013 (Pa. Super. 2014) at 9-10.

Appellant's second issue merits no relief. As a preliminary matter, Appellant's claim is subject to waiver since he failed to develop the issue with meaningful argument and citation to pertinent authority. *See In re: A.C.*, 991 A.2d 884, 897 (Pa. Super. 2010). Even if we were to confront Appellant's second claim, we would conclude that it is substantively inadequate.

Apart from bald assertions that the reasonable basis and prejudice prongs of the ineffective assistance analysis have been met, Appellant offers no discussion or examination of whether a substantial question exists or whether there is arguable merit to his claim that the trial court abused its discretion in imposing its sentence. *See Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (noting that appellant must demonstrate existence of substantial question that sentence is inappropriate under Sentencing Code in order to successfully invoke appellate jurisdiction over discretionary sentencing claim); *see generally* 42 Pa.C.S.A. § 9781 (setting forth substantive standards governing appellate review of discretionary sentencing challenges). In fact, Appellant's submission takes no position on whether the challenged sentences fall within or exceed the applicable

sentencing guidelines and, in turn, whether Appellant is entitled to relief because the sentence imposed was merely "unreasonable" or "clearly unreasonable." ***See id***.  In the absence of advocacy on such critical aspects of Appellant's ineffectiveness claim, we are compelled to conclude that Appellant's second contention lacks arguable merit and, thus, fails.  Because Appellant has not raised meritorious challenges in this appeal, the order denying his PCRA petition will be affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/17/2019