J-S31001-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICOLE MARIE CLELLAND | : | |
| | : | |
| Appellant | : | No. 493 WDA 2018 |

Appeal from the PCRA Order April 4, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000989-2015,
CP-02-CR-0016877-2014

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: FILED OCTOBER 02, 2019

Appellant, Nicole Marie Clelland, appeals from the order entered on April 4, 2018 in the Criminal Division of the Court of Common Pleas of Allegheny County that denied her petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the facts and procedural history in this case as follows:

> [Appellant] pleaded guilty to theft, accidents involving injury (not properly licensed), simple assault, four counts of recklessly endangering another person, and criminal mischief at [docket number 16877-2014. In that case, Appellant] stole a car from UPMC-Mercy Hospital parking lot and proceeded to drive it into a valet parking stand and the hospital entrance door, striking several individuals. [At docket number 989-2015, Appellant] pleaded guilty to two counts of aggravated assault by prisoner [after she threw] cups of urine [onto two employees at Allegheny County Jail]. She pled guilty to the charges at both cases on May 25, 2016 and was sentenced on July 21, 2016 to an aggregate

term of 9-18 years' incarceration, three years' consecutive probation, and ordered to have both a drug and alcohol evaluation, as well as a mental health evaluation. [Appellant] verbally and physically assaulted her attorney [] before her sentencing hearing concluded and she was physically removed from the courtroom by Sheriff's deputies. The next day, [the trial judge] proceeded to the Allegheny County Jail along with an assistant district attorney, assistant public defender and court reporter and advised [Appellant] of her post-sentence rights. On December 29, 2016, the [trial court] granted PCRA relief and reinstated [Appellant's] post-sentence rights. Post-sentence [motions] were denied on January 17, 2017 and a notice of appeal was filed on January 19, 2017. [Appellant's] judgment of sentence was affirmed and a petition for allowance of appeal was denied on January 30, 2018.

[Appellant] filed a PCRA petition and [the PCRA court] scheduled a hearing for April 3, 2018. [The court denied Appellant's petition on April 4, 2018 and a timely notice of appeal followed.[1] The PCRA court issued an opinion on April 4, 2019, which addressed the claims raised in Appellant's Rule 1925(b) concise statement of matters complained of on appeal].

PCRA Court Opinion, 4/11/19, at 2-3 (cleaned up).

On appeal, Appellant claims that the ineffectiveness of plea counsel caused her to enter invalid guilty pleas at both docket numbers and the PCRA court erred in denying her request to withdraw her pleas and proceed to trial. Specifically, Appellant maintains that her pleas were involuntary, unknowing, and unintelligent since counsel did not explain the concept of an "open plea"

---

[1] Although Appellant filed a single notice of appeal from an order disposing of issues at two trial court docket numbers, we need not quash since the appeal was filed before the effective date of Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018) (rule requiring quashal of single appeals taken from orders disposing of issues at multiple trial court dockets becomes effective only after June 1, 2018).

- 2 -

to her and because she was heavily medicated. Appellant further claims that counsel assured her that she would receive a county sentence which she could serve at Wetzel House, a local treatment center. Lastly, Appellant asserts that counsel convinced her to plead guilty because she had no viable defenses to the charges.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." Commonwealth v. Stultz, 114 A.3d 865, 872 (Pa. Super. 2015) (quotations marks and quotation omitted). This Court is limited to determining whether the evidence of record supports the factual findings of the PCRA court and whether its ruling is free of legal error. Commonwealth v. Rykard, 55 A.3d 1177, 1183 (Pa. Super. 2012). "Generally, we are bound by a PCRA court's credibility determinations [to the extent they are supported by the record]. However, with regard to a court's legal conclusions, we apply a de novo standard." Commonwealth v. Johnson, 139 A.3d 1257, 1272 (Pa. 2016) (quotation marks and quotations omitted).

We review claims of ineffective assistance of counsel under the following guidelines:

> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced [her]. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner

suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

Commonwealth v. Benner, 147 A.3d 915, 919–920 (Pa. Super. 2016) (quotation marks, quotations, and citations omitted).

Additionally:

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

Commonwealth v. Barndt, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted).

Appellant is not entitled to relief. The PCRA court examined the testimony adduced at Appellant's April 3, 2018 PCRA hearing, together with her responses to a written plea colloquy and her testimony at the plea hearing conducted on May 25, 2016. Based upon its review, the PCRA court credited a version of events that squarely contradict Appellant's factual allegations on appeal and demonstrate that Appellant entered knowing, voluntary, and intelligent pleas. See PCRA Court Opinion, 4/11/19, at 4-6. Since the PCRA

court's factual findings are supported by the record, we are bound by them. Accordingly, we concur in the PCRA court's conclusion that the assertions offered in support of Appellant's PCRA petition are both unfounded and without merit. As such, the order denying Appellant's PCRA petition is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2019