J-S75018-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARLON RUMPH | : | |
| | : | |
| Appellant | : | No. 655 WDA 2019 |

Appeal from the PCRA Order Entered April 15, 2019,
In the Court of Common Pleas of Venango County,
Criminal Division at No(s):  CP-61-CR-0000715-2014.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    FILED JULY 10, 2020

Marlon Rumph appeals from the order denying his first petition for relief

filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We

affirm.[1]

This Court previously summarized the pertinent facts as follows:

> In 2014, the Franklin County Police Department, the Oil
> City Police Department, and the Office of the Attorney
> General of Pennsylvania conducted a joint investigation in
> Venango County.  With the use of a confidential informant,
> investigators engaged in controlled buys from a residence in
> Venango County.  A search warrant was obtained for the
> location,  and  police  discovered  heroin,  drug-dealing

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] By order dated March 6, 2020, we remanded this appeal for the preparation
of the PCRA hearing transcript.  That transcript was received, and the appeal
is ready for disposition.

paraphernalia, a firearm, and cash. A number of drug dealers were arrested, and they led investigators to [Rumph] as the source of their heroin. Police obtained a wiretap for [Rumph's] telephone, and, during an intercept, [Rumph] agreed to sell heroin to Christopher Carlson. Police were present when the drug transaction occurred on November 7, 2014, and arrested [Rumph] and Carlson. [Rumph] was charged with and convicted of [dealing in proceeds of an unlawful activity, possession of a controlled substance with intent to deliver ("PWID"), conspiracy to commit PWID, and criminal use of communication facility].

At [Rumph's] trial, Christopher Carlson testified as follows. A relative arranged for him to meet [Rumph], whom he knew as "Lucky," so that Carlson could begin selling heroin in the Franklin area. In May 2014, [Rumph] agreed to sell heroin to Carlson for $100 a gram, and Carlson would re-sell that substance for between $150 and $200 a gram. When he first started dealing, Carlson would purchase between twenty to thirty grams of heroin a week from [Rumph]. Over the course of the six months that he dealt that substance, Carlson began to purchase about 100 grams a week from [Rumph], who was Carlson's sole source of heroin. Carlson, who was arrested in November 2014, was also aware that [Rumph] sold heroin to other drug dealers.

Commonwealth v. Rumph, 160 A.3d. 268 (Pa. Super. 2017), unpublished memorandum at 1-2 (citations to record omitted).

The trial court sentenced Rumph to an aggregate term of seventeen to fifty years of imprisonment. The trial court denied Rumph's post-sentence motions. Thereafter, Rumph retained Stanley T. Booker, Esquire, and Attorney Booker entered his appearance on February 26, 2016. Rumph filed a timely appeal to this Court, and we affirmed his judgment of sentence on January 26, 2017. Rumph, supra. Our Supreme Court denied Rumph's

petition for allowance of appeal on August 16, 2017.   Commonwealth v. Rumph, 170 A.3d 986 (Pa. Super. 2017).

On July 26, 2018, Rumph filed a pro se PCRA petition.   Because the PCRA court noted that Attorney Booker remained counsel of record, Rumph's pro se PCRA petition was forwarded to him.   On August 16, 2018, Attorney Booker filed an amended petition in which Rumph raised multiple ineffective assistance of counsel claims.   The PCRA court held an evidentiary hearing on December 20, 2018, at which trial counsel testified.   By order entered April 15, 2019, the PCRA court denied Rumph's amended PCRA petition.   This timely appeal followed.[2]   Both Rumph and the PCRA court have complied with Pa.R.A.P. 1925.

Rumph now raises four claims on appeal.   Although not phrased as such in his statement of questions, it is clear from his supporting argument, and that PCRA court's treatment of the issues in its Rule 1925(a) opinion, that Rumph is challenging trial counsel's ineffectiveness for failing to challenge:   1) the trial court's determination at sentencing that he was not R.R.R.I eligible; 2) the trial court's applying an offense gravity score for delivery of over 1000 grams of heroin when the parties previously stipulated that the amount was less than 10 grams; 3) the trial court's determination that sufficient evidence

---

[2] Thereafter, Attorney Booker filed a motion for the appointment of counsel to represent Rumph on appeal, and the PCRA court appointed current counsel.

supported Rumph's conviction for dealing in proceeds of unlawful activities; and 4) the trial court's allowing the Commonwealth to introduce inadmissible evidence in the form of multiple hearsay statements.   See Rumph's Brief at 5.[3]

Our scope and standard of review is well settled:

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level.  Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by the record and is free of legal error.  Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  However, we afford no such deference to its legal conclusions.  Where the petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary.  Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

Commonwealth v. Benner, 147 A.3d 915, 919 (Pa. Super. 2016 (citation omitted).

Rumph's issues involve his claim of ineffective assistance of trial counsel.  To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken

_____

[3] Although Rumph raises five issues in his brief, PCRA counsel combined the issues regarding hearsay and inadmissible evidence because "after review with [Rumph] and the file, the issue is the same argument."  Rumph's Brief at 20.

place. Commonwealth v. Johnson, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." Id. This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. Id. at 533.

Initially, we note that Rumph begins his brief with the reiteration of general standards regarding the ineffectiveness of counsel, including ineffectiveness in relation to a guilty plea—case law inapplicable to Rumph's jury verdicts. See Rumph's Brief at 10-12.

Moreover, Rumph's argument in support of each of his ineffectiveness claims is not adequately supported by case authority or citation to the record. As to his first issue, although Rumph correctly cites the RRRI statute, his supporting argument consists of a single paragraph made up of bare assertions devoid of case authority. In support of his second issue involving the trial court's calculation of the Offense Gravity Score for drug offenses, Rumph cites cases involving challenges to the legality of a sentence, even though in disposing of his direct appeal, we informed him that such a challenged involved the discretionary aspects of his sentence. See Rumph, supra, unpublished memorandum at 7. In support of his third issue regarding the sufficiency of the evidence supporting his drug conviction, Rumph repeats inapplicable case law regarding the validity of a plea, and ignores the fact that

trial counsel did challenge the sufficiency of the evidence by requesting a judgment of acquittal at the close of the Commonwealth's case. See N.T., 11/19/15, at 29-92. With regard to his fourth issue, the introduction of inadmissible hearsay testimony, Rumph merely lists instances when alleged hearsay was admitted and summary concludes that this "inadmissible evidence tainted the jury's finding of guilt." Rumph's Brief at 21. Finally, as to each issue, Rumph does not discuss the three-part test for ineffectiveness as it applies to each claim.

Despite these shortcomings, after careful review, we conclude that the Honorable Robert L. Boyer has prepared a thorough and well-reasoned opinion that correctly disposes of each of Appellant's ineffectiveness claims. See PCRA Court Opinion, 4/15/19, at 13-15 (correctly concluding Rumph was ineligible for RRRI under subsection 4503(a)(6) because his drug conviction for possessing with intent to deliver over 1000 grams of heroin, pursuant to section 7508(7)(iii), is expressly excluded from eligibility); at 17-19 (citing the discussion regarding the alleged stipulation at trial regarding the weight of the drugs at issue, and finding Rumph misinterprets the stipulation's terms; while the Commonwealth stipulated to the weight of the drugs confiscated from Carlson's residence, the jury was free to accept Carlson's testimony that he distributed over 1000 grams of heroin that he had received from Rumph); at 21 (noting that trial counsel unsuccessfully moved for a judgment of acquittal as to the charge of dealing in proceeds from unlawful activities, and that there was ample evidence to support the conviction); and at 8-13 (citing

from the record each instance of alleged hearsay challenged by Rumph and discussing why none of them warranted post-conviction relief).

We therefore adopt Judge Boyer's April 15, 2019 opinion as our own in disposing of the present appeal.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/10/2020

_____

[4] The parties are directed to attach a copy of the Judge Boyer's opinion to this memorandum in the event of further proceedings.