J-S05016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTY L. SMITH | : | |
| | : | |
| Appellant | : | No. 1268 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 16, 2019,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s):  CP-36-CR-0005216-2010.

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:               **FILED SEPTEMBER 15, 2020**

Christy Smith appeals form the judgment of sentence imposed after this Court remanded for resentencing.  On appeal, Smith asserts that, because Subchapter I of SORNA II[1] is punitive, the trial court's requiring her to comply with the notification and registration requirements of Subchapter I violates the *ex post facto* clauses of both the state and federal constitutions.[2]  Given our Supreme Court's recent decision in ***Commonwealth v. Lacombe***, ___ A.3d ___, 2020 WL _____ (35 & 64 MAP 2018) (Pa. 2020) (filed July 21,

---

[1] ***See*** 42 Pa.C.S.A. §§ 9799.51-9799.75.

[2] ***See*** U.S. Const. art. 1, § 9; § 10 (providing federal prohibition against *ex post facto* laws); Pa. Const., Article I, § 17 (providing state prohibition against *ex post facto* laws).

2020, in which the High Court found Subchapter I not punitive, we affirm Smith's judgment of sentence.

In 2008, Smith began a sexual relationship with J.J., a fifteen-year-old student in her tenth-grade English class. This Court previously summarized the pertinent facts and protracted procedural history as follows:

> On July 6, 2012, the Commonwealth charged [Smith] via an amended criminal information with six counts of involuntary deviate sexual intercourse, three counts of statutory sexual assault, three counts of unlawful contact with a minor, and one count of corruption of minors. [Smith] was also charged with offenses related to her relationship with another student. The cases were consolidated for trial and the trial court denied [Smith's] motion to sever the charges involving J.J. from the charges involving the other student. [Smith] was convicted; however, this Court vacated [Smith's] judgment of sentence after concluding that the trial court erred by denying her motion to sever. **See** [**Commonwealth v. Smith**, 87 A.3d 890 (Pa. Super. 2013), (unpublished memorandum), at 8-18].

> On remand, [Smith] proceeded to trial on the instant criminal information. On March 26, 2014, she was convicted of two counts of involuntary deviate sexual intercourse, one count of statutory sexual assault, one count of unlawful contact with a minor, and one count of corruption of minors. On May 20, 2014, the trial court sentenced her to an aggregate term of 14 to 30 years' imprisonment. This Court affirmed and our Supreme Court denied allowance of appeal. **Commonwealth v. Smith**, 121 A.3d 1144, 2015 WL 6166608 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 125 A.3d 1201 (Pa. 2015).

> [Smith] filed a timely Post-Conviction Relief Act ("PCRA") petition, and on March 30, 2017, the PCRA court granted relief on [Smith's] claim that she received an illegal sentence and denied the petition in all other respects. On July 31, 2017, the trial court sentenced [Smith] to an aggregate term of 14 to 28 years' imprisonment. It also

> informed [Smith] that she was subject to Subchapter H's requirements. [Smith] filed a post-sentence motion and the trial court denied that motion on August 7, 2017.

*Commonwealth v. Smith*, ___ A.3d ___ (Pa. Super. 2018), (unpublished memorandum), at 2-4 (footnotes omitted).

Smith filed a timely appeal to this Court, in which she challenged the discretionary aspects of her sentence, as well as whether the trial court erred in notifying her that she was subject to Subchapter H registration requirements. We found no merit to Smith's discretionary aspects claim. *See Smith*, unpublished memorandum at 4-9. However, we did agree with Smith that the trial court erred in requiring her to comply with Subchapter H's registration requirements since she committed her crimes prior to SORNA I's effective date.[3] *Id.* at 10. We therefore vacated that portion of Smith's judgment of sentence, and remanded to the trial court "where the Commonwealth may argue that [Smith] is subject to the registration requirements set forth in Subchapter I, 42 Pa.C.S.A. § 9799.51 *et seq.*" *Id.* at 10-11.

_____

[3] In his Majority Opinion in *Lacombe*, Justice Dougherty provides a thorough discussion of the original SORNA statute, the *Muniz* decision, and the new requirements of Subchapter I. *See Lacombe*, ___ A.3d at ___, Slip Opinion at 7-19. Thus, we need not repeat this statutory history and case law here. For purposes of this memorandum, we note that Subchapter H is based on the original SORNA statute and is applicable to offenders who committed their crimes after the December 20, 2012 effective date of SORNA; Subchapter I is applicable to offenses who committed their offenses between April 22, 1996 and the effective date of SORNA.

Following remand, the trial court resentenced Smith on July 16, 2019, "using Act 29 of 2018, Subchapter I . . . based upon the Superior Court's suggestion." Trial Court Opinion, 9/4/19, at 2. This timely appeal followed. Both Smith and the trial court have complied with Pa.R.A.P. 1925.

Smith now raises the following issue:

> Whether the imposition of lifetime reporting requirements upon [Smith] consistent with the provisions of [Subchapter I] violates the prohibitions against [*ex post facto*] laws contained in the United States and Pennsylvania Constitutions?

Smith's Brief at 6 (excess capitalization omitted).

Smith summarizes her argument on this issue as follows:

> The imposition of lifetime reporting and registration requirements consistent with the provisions of [Subchapter I] violated the prohibitions against ex post facto laws contained in the United States and Pennsylvania Constitutions. [Subchapter I] is so punitive in nature that to retroactively apply its requirements constitutes punishment. In particular, [Subchapter I], is overbroad, publicly shames [Smith] and has reporting requirements that are excessive.
>
> Under all of these circumstances, [this] Court should reverse the matter and order that [Smith] is not subject to any reporting requirements.

*Id.* at 12.[4]

_____

[4] In his Majority Opinion in **Lacombe**, Justice Dougherty provides a thorough discussion the original SORNA statute, the **Muniz** decision, and the new requirements of Subchapter I. **See Lacombe**, ____ A.3d at ____, Slip Opinion at 7-19. Thus, we need not repeat this statutory history and case law here.

Contrary to Smith's argument, the Pennsylvania Supreme Court in *Lacombe* has now decided that the registration and notification requirements of Subchapter I of SORNA II are *not* punitive.[5]  Therefore, Subchapter I's application to Smith does not violate the *ex post facto* clauses of the state and federal constitutions.

In *Lacombe*, *supra*, the High Court began its *ex post facto* analysis by applying the same two-part analysis employed in *Muniz*, *supra*, and previous cases:

> We first consider whether the General Assembly's "intent was to impose punishment, and, if not, whether the statutory scheme is nonetheless so punitive either in purpose of effect as to negate the legislature's nonpunitive intent."  *Williams II*, 832 A.2d at 971.  If we find the General Assembly intended to enact a civil scheme, we then must determine whether the law is punitive in effect by considering the *Mendoza-Martinez* factors.  *Id.* at 972.

*Lacombe*, ___ A.3d at ____, Slip Opinion at 21-22 (quoting *Muniz*, *supra*). Our Supreme Court further cited *Muniz* for the proposition that, when conducting this analysis, "only the 'clearest proof' may establish that a law is

---

[5] Justice Dougherty delivered the Majority Opinion, joined by Chief Justice Saylor and Justices Baer and Todd.  Justice Mundy joined the majority opinion but expressed her disagreement with the Majority's treatment of one of the balancing factors considered when conducting the *ex post facto* analysis. Justice Wecht filed a Concurring and Dissenting Opinion, joined by Justice Donohue, in which he stated his agreement with a jurisdictional issue, but opined that Subchapter I remained punitive.  *See infra*.

punitive in effect," and that, "when determining whether a statute is civil or punitive, we must examine the law's entire statutory scheme." *Id.*

In response to the first part of the *ex post facto* analysis, our Supreme Court noted that the Pennsylvania General Assembly expressly declared that Subchapter I "shall not be construed as punitive." *Id.* at 22. Thus, the High Court proceeded to thoroughly discuss each of the factors enumerated in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963), to determine whether Subchapter I was punitive in effect. *See Lacombe*, ___ A.3d at ___, Slip Opinion at 22-35. In balancing these factors, our Supreme Court reasoned:

> As the above *Mendoza-Martinez*, analysis clearly reflects, Subchapter I effected significant changes from the original version of SORNA, retroactive application of which we found unconstitutional in *Muniz*. To summarize, we find three of the five factors weigh in favor of finding Subchapter I nonpunitive. Additionally, we give little weight to the fact Subchapter I promotes the traditional aims of punishment and give significant weight to the fact Subchapter I is narrowly tailored to its nonpunitive purpose of protecting the public. As we have not found the requisite "clearest proof" Subchapter I is punitive, we may not "override legislative intent and transform what has been denominated a civil remedy into a criminal penalty[.]" *Hudson v. United States*, 522 U.S. 93, 100 (1997), *quoting United States v. Ward*, 448 U.S. 242, 249 (1980) (internal quotations omitted).

*Lacombe*, ___ A.3d at ___, Slip Opinion, at 35. Thus, the High Court held "Subchapter I does not constitute criminal punishment, and the *ex post facto* claims forwarded by [Lacombe] necessarily fail." *Id.*

Here, the PCRA court compared the provisions of Megan's Law III,[6] the sex offender statute applicable when Smith committed her crimes, to the requirements of Subchapter I, and found any differences that affected her registration requirements were not punitive. **See** PCRA Court Opinion, 9/4/19, at unnumbered 3-4. This Court may affirm the denial of post-conviction relief on any ground supported by the record. **Commonwealth v. Benner**, 147 A.3d 915, 919 (Pa. Super. 2016). In light of the recent **Lacombe** decision, Smith's issue fails and she must comply with Subchapter I of SORNA II. Thus, as Smith is not entitled to relief, we affirm her judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2020

---

[6] **See** 42 Pa.C.S.A. §§ 9791-9799.9 (expired Dec. 20, 2012).