J-S06008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERMAINE DALTON CROSLEY | : | |
| | : | |
| Appellant | : | No. 883 EDA 2021 |

Appeal from the PCRA Order Entered April 7, 2021,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0002462-2016.

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

JUDGMENT ORDER BY KUNSELMAN, J.: **FILED MARCH 14, 2022**

Jermaine Dalton Crosley appeals *pro se* from the order of the court below denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

The pertinent facts and procedural history may be summarized as follows: On April 6, 2017, Crosley was convicted after a bench trial of first-degree murder and a firearm violation. On May 23, 2017, the trial court sentenced him "to an aggregate sentence of 120 to 300 months' incarceration with a 14-year probationary tail[.]" *Commonwealth v. Crosley*, 180 A.3d 761, 763 (Pa. Super. 2018). Crosley appealed, and on February 28, 2018, we affirmed his judgment of sentence. *Id.* On October 3, 2018, our Supreme Court denied Crosley's petition for allowance of appeal. *Commonwealth v. Crosley*, 195 A.3d 166 (Pa. 2018).

On April 9, 2019, Crosley filed a *pro se* PCRA petition, and the PCRA court appointed counsel. On March 4, 2021, after being granted several time extensions, PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On March 9, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Crosley's PCRA petition without a hearing. The court also granted PCRA counsel's motion to withdraw. Crosley did not file a response. By order entered April 7, 2021, the PCRA court denied Crosley's petition. This appeal followed.

Crosley raises the following issues on appeal:

1. Did the PCRA court err in concluding that [Crosley's] PCRA petition has no arguable merit?

    A. He does not speak English, but a broken English called Patwa (Jamaican).

    B. [Crosley] was indeed defending himself from a gun wielding attacker.

Crosley's Brief at 7.

Before addressing these issues, we must first determine if they are properly preserved for our review. Both the PCRA court and the Commonwealth contend that these claims are waived because Crosley failed to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. **See** PCRA Court Opinion, 8/1/21, at 3; Commonwealth's Brief at 4-5. Our review of the record, however, reveals that, on May 4, 2021, the PCRA court ordered

Crosley to file a Rule 1925(b) statement within twenty-one days, and Crosley filed a timely statement on May 28, 2021.

On appeal in PCRA proceedings, the Superior Court may affirm a PCRA court's decision on any grounds if the record supports it. **Commonwealth v. Benner**, 147 A.3d 915, 919 (Pa. Super. 2016) (citation omitted). In his Rule 1925(b) statement, Crosley claimed that trial counsel was ineffective for failing to raise a "Castle Doctrine" defense,[1] and for advising him to proceed with a bench trial when a "jury of his peers" would have found him "not guilty based on the legislated Castle Doctrine." Rule 1925(b) Statement, 5/28/21, at 1 (emphasis omitted). Clearly, the issues Crosley now raises on appeal were not raised in his Rule 1925(b) statement. For this reason, we agree with the PCRA court and the Commonwealth that Crosley's claims are waived. **See Commonwealth v. Melvin**, 103 A.3d 1, 39 (Pa. Super. 2014). Thus, we affirm the order denying Crosley post-conviction relief.[2]

Order affirmed.

---

[1] **See** 18 Pa.C.S.A. § 505(2.2).

[2] In its Rule 1925(a) opinion the PCRA court concluded that a review of Crosley's waiver colloquy refutes his claim of a language barrier. **See** PCRA Court Opinion, 8/4/21, at 4-5. In addition, Crosley's self-defense claim was previously considered as part of Crosley's direct appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>3/14/2022</u>