COMMONWEALTH of Pennsylvania, Appellee,

v.

William ROBINSON, Appellant.

Superior Court of Pennsylvania.

Argued March 5, 2001.

Filed July 9, 2001.

Patricia M. Dugan, Philadelphia, for appellant.

Catherine L. Marshall, Assistant District Attorney Philadelphia, for Com.

BEFORE DEL SOLE, P.J., FORD ELLIOTT and TAMILIA, JJ.

DEL SOLE, Presiding J.:

¶ 1 This is an appeal from the denial of Appellant's petition under the Post Conviction Relief Act following an evidentiary

hearing. Appellant was convicted of two counts of robbery and criminal conspiracy. We affirm.

¶ 2 Appellant and a co-conspirator entered a Philadelphia bicycle shop and robbed the proprietors at gunpoint. They fled with approximately $3,000. Each proprietor of the bicycle shop separately identified Appellant from an array of photographs provided by the police.

¶ 3 Following a jury trial, Appellant was found guilty of two counts of robbery and criminal conspiracy. He was sentenced to an aggregate prison term of nine and one-half to twenty-five years.

¶ 4 Appellant is seeking relief under the Post Conviction Relief Act (PCRA). 42 Pa.C.S.A. §§ 9541–9546. Specifically, he asserts that he is eligible for relief because his "conviction or sentence resulted from . . . [t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543. Appellant claims that fellow inmate, Andre Strickland, was told by another inmate, George Phew, that Phew committed the robbery for which Appellant was convicted. Andre Strickland prepared an affidavit to this effect and signed it two days after Phew died. Appellant asserts that this "exculpatory evidence that has subsequently become available" would have created reasonable doubt in the minds of the jurors.

¶ 5 Strickland's testimony and affidavit as to Phew's statements would ordinarily be inadmissible hearsay. However, Rule 804 of the Pennsylvania Rules of Evidence allows for an exception to the hearsay rule. If the declarant is unavailable, as Phew was, a statement against penal interest is not excluded. Pa.R.E. 804(b)(3). However, the Pennsylvania Supreme Court held that "declarations against penal interest are admissible as an exception to the hearsay rule only when there are circumstances that provide clear assurance that such declarations are trustworthy and reliable." *Commonwealth v. Bracero*, 515 Pa. 355, 528 A.2d 936 (1987).

¶ 6 In order to ascertain whether the statements made by Phew to Strickland occurred under circumstances that provided a clear assurance of reliability, the PCRA court held an evidentiary hearing. At the hearing, Strickland testified that he and Appellant were inmates together. Sometime after Appellant was transferred to another facility, Phew approached Strickland seeking legal advice because he was afraid he was going to be charged with robbing a bicycle shop. Strickland further testified that he was told by Phew that another man had been arrested for the robbery. Strickland recounted that he spoke with Appellant's cousin, an inmate on the same cellblock, after which it occurred to Strickland that Phew was referring to Appellant. The court noted that Strickland prepared an affidavit to this effect two days after Phew's death. Trial Court Opinion, 6/30/00, at 6.

¶ 7 From this evidence the trial court concluded that the statements attributed to Phew and testified to by Strickland were not made under circumstances that provided clear assurance that they were trustworthy and reliable so as to be admissible evidence. The court focused on the fact that Strickland did not prepare an affidavit regarding Phew's confession until after Phew's death. The court also remarked that Strickland's credibility was further damaged by the fact that he was unable to pinpoint a time frame for these occurrences when asked on direct examination during the evidentiary hearing. Trial Court Opinion, 6/30/00, at 6. The court determined that the alleged state-

ments made to Strickland by Phew lacked any indicia of reliability.

¶ 8 "When we examine the decision of a trial court to grant a new trial on the basis of after-discovered evidence, we ask only if the court committed an abuse of discretion or an error of law which controlled the outcome of the case." *Commonwealth v. Bonaccurso,* 425 Pa.Super. 479, 625 A.2d 1197 (1993). As stated in *Bracero,* Strickland is a witness "actively engaged in a criminal lifestyle. 'Telling a story' to help a friend or relative to 'beat the rap,' can not be viewed as an extraordinary occurrence." *Bracero* at 941. Based upon Strickland's lack of credibility, the trial court determined that the statement could not be considered trustworthy and a new trial was not warranted. We hold that the trial court committed no abuse of discretion or error of law in reaching this conclusion.

¶ 9 Order affirmed.