J-S48036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : | |
| v. | : : | |
| MALIK SAMUELS, | : : : | |
| Appellant | : | No. 2674 EDA 2018 |

Appeal from the PCRA Order Entered August 9, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1301575-2006

BEFORE: BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED NOVEMBER 06, 2019**

Malik Samuels (Appellant) appeals from the August 9, 2018 order[1]

dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA),

42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

A prior panel of this Court set forth the factual and procedural history.

> At 10:50 P.M. on November 30, 2005, Appellant shot and killed Abdul Colon ["Victim"] with a revolver in front of the Tender Line Bar in Philadelphia, Pennsylvania. Three Temple University students witnessed the shooting: Lindsey Bennett, Jessica Lique, and Beth Holland. Both Bennett and Lique testified that they had

---

[1] The order is not contained in the certified record, but is noted on the docket. It appears that notice of the order was given to the assistant district attorney, the defense attorney, the court reporter, and the clerk. *See* Docket Entry, 8/9/2018 ("Order Dismissing PCRA Petition. PCRA Petition is hereby dismissed for lack of merit. Judge: Geroff[,] ADA: Blessington[,] Atty: Mosser[,] Steno: Fazio[,] Court Clerk: Thomas[.]"). The parties do not challenge the order's filing, and thus, we rely on the docket.

* Retired Senior Judge assigned to the Superior Court.

known Appellant and Victim for a number of years. Additionally, Bennett and Holland testified that Appellant was wearing a distinctive yellow sweat suit when he shot Victim.

Moments before the shooting, Lique and Holland entered the bar, passing Victim at the door, while Bennett remained outside to talk on her cell phone. As Lique and Holland passed Victim, Appellant asked Holland to move out of his way. Appellant then pulled out his gun and fired once at Victim from ten feet away. The shot struck Victim in his left shoulder. Victim attempted to flee into the bar, but Appellant followed him inside and fired three more shots toward him. One of the shots struck Victim in his lower back. Thereafter, Appellant left the bar and drove away. Victim was dead on arrival at 11:00 P.M., with two gunshot wounds, one to his shoulder and one to his lower back.

Appellant fled to South Carolina for six months, but returned to Philadelphia sometime in early May 2006. On June 9, 2006, police arrested Appellant on the 2900 block of Memphis Street in Philadelphia.

Following trial, the jury found Appellant guilty of first-degree murder and possessing an instrument of crime. On January 23, 2008, the trial court sentenced Appellant to life imprisonment for first-degree murder and a concurrent term of fourteen to forty-eight months of imprisonment for possessing an instrument of a crime. On February 4, 2008, Appellant filed post-sentence motions challenging, *inter alia*, the sufficiency of the evidence. On April 15, 2008, the trial court denied the motions. A timely appeal was filed, but ultimately was dismissed because Appellant's counsel failed to file a brief. On April 24, 2009, Appellant filed a *pro se* petition under the [PCRA]. Counsel was appointed and an amended petition was filed on October 15, 2010. On April 15, 2011, the PCRA court reinstated Appellant's right to a direct appeal *nunc pro tunc*. On April 28, 2011, Appellant filed a notice of appeal.

***Commonwealth v. Samuels***, 55 A.3d 147 (Pa. Super. 2012) (unpublished memorandum at 1-3) (citations to the record omitted; some brackets in original). On July 25, 2012, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied his petition for allowance of appeal

on January 10, 2013. *Id.*, *appeal denied*, 62 A.3d 379 (Pa. 2013). Appellant did not seek a writ of *certiorari* in the United States Supreme Court.

Appellant filed timely a *pro se* PCRA petition on October 25, 2013, claiming he was entitled to relief based upon after-discovered evidence and ineffectiveness of trial counsel, James Bruno, Esquire, for failing to object to the admission of Appellant's criminal convictions at trial, and for failing to object to an alleged violation of Appellant's right to a speedy trial. Specifically, he attached an affidavit dated September 11, 2013, of Lawrence Peel, a fellow inmate, which alleged that Peel removed a gun from Victim's hand after Appellant shot Victim. According to Appellant, this evidence would have aided his self-defense claim at trial.

The PCRA court appointed Todd Mosser, Esquire, as counsel on August 14, 2014, and Attorney Mosser filed an amended PCRA petition on August 12, 2016, similarly claiming relief based upon Peel's affidavit, but no longer claiming trial counsel was ineffective. Shortly thereafter, on August 23, 2016, Appellant filed a *pro se* amended PCRA petition, claiming Attorney Mosser, in the August 12, 2016 amended petition, failed to include issues that Appellant wanted to be raised.[2] On October 27, 2016, Appellant filed a motion for

---

[2] Hybrid representation is prohibited, and thus, because Appellant was represented by counsel, Appellant's *pro se* filing constituted a legal nullity. **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (holding *pro se* filings by a represented defendant constitute legal nullities).

withdrawal of Attorney Mosser as counsel, and sought appointment of new counsel.[3] In response, on February 8, 2017, Attorney Mosser filed a second amended PCRA petition, incorporating by reference Appellant's August 12, 2016 amended petition, and claiming further after-discovered evidence of two witnesses in addition to Peel. Specifically, the second amended petition claimed that an email sent by Taron Gorham to Appellant on August 28, 2013, and a statement from Tariq Buckner, dated August 28, 2013, entitled Appellant to relief based on after-discovered evidence pursuant to section 9543(a)(2)(vi) of the PCRA. Gorham's email alleged that Gorham saw Peel remove a gun from Victim after Appellant shot Victim, and Buckner's statement alleged Buckner saw Victim reaching for a gun before Appellant fired his gun.[4] On February 10, 2017, the Commonwealth filed a motion to dismiss the petition, which the PCRA court denied.

The PCRA court held an evidentiary hearing on August 17, 2017. Peel was the sole witness, and he testified that he did not witness the shooting at the bar because he was inside the bar. When the shooting happened, Peel ducked down and ran to the back of the bar. N.T., 8/17/2017, at 5, 36. According to Peel, he then returned to the middle of the bar, picked up a gun near Victim's hand, went out of the bar, and ran. *Id.* at 5-6. Peel testified

---

[3] The PCRA court did not rule upon said motion.

[4] The email and statement were attached to Appellant's August 23, 2016 *pro se* amended petition.

- 4 -

that he later sold the gun. *Id.* at 6. He further testified that while incarcerated at the same facility as Appellant, the two discussed the instant case. *Id.* at 7-8. At the conclusion of the hearing, the PCRA court took the matter under advisement.

Meanwhile, on October 5, 2017, Attorney Mosser filed a supplemental amended PCRA petition, incorporating Appellant's prior claims and adding a claim that Attorney Bruno was ineffective for failing to locate Buckner as a witness at trial pursuant to section 9543(a)(2)(ii) of the PCRA. On October 10, 2017, the Commonwealth filed a supplemental motion to dismiss. The Commonwealth argued that Buckner's statement could not constitute after-discovered evidence or proof of trial counsel's ineffectiveness because Buckner was known to Appellant at the time of trial. The Commonwealth cited numerous portions of the trial testimony, including Appellant's own testimony, where Buckner was repeatedly referenced as being present at the scene of the crime. Supplemental Motion to Dismiss, 10/10/2017, at 4 (citing N.T., 12/5/2007, at 64, 69, 83, 86; N.T., 12/6/2007, at 31-32, 39, 46, 53-56, 58, 68, 81, 100, 102, 106, 122-23, 127, 135; N.T., 12/7/2007, at 17, 20; N.T., 12/20/2007, at 41, 58, 59, 63). Appellant filed a response thereto on January 23, 2018.

On May 24, 2018, the PCRA court held a second evidentiary hearing. Buckner, Attorney Bruno, and Appellant testified at the hearing. Buckner testified that he was present the night of the shooting, and that Victim had

"swung on" Appellant. N.T., 5/24/2018, at 4-6. Buckner claimed that he heard Victim say "chill," saw Victim "reaching," and heard multiple gunshots. *Id.* at 9. Buckner recalled seeing Victim "on the ground" outside of the bar. *Id.* at 9-10, 25. Buckner testified that he then fled the scene. *Id.* at 10. According to Buckner, police interviewed him, but Buckner did not tell police what he saw because he was "from the same neighborhood" and did not want to "get involved." *Id.* at 10. Similarly, he testified that he did not come forward as a witness and did not recall trial counsel "reaching out" to him. *Id.* at 12. Buckner claimed that at some point after trial, he talked to one of Appellant's family members and related what he had purportedly seen the night of the shooting. *Id.* at 12-14.

Attorney Bruno testified about his typical practice of reviewing discovery materials and witnesses with clients. *Id.* at 49-52. He did not remember Buckner or whether he had tried to locate him, but acknowledged that Buckner was mentioned in discovery materials and that he would have discussed with Appellant any decision about whether to call that person as a witness. *Id.* at 50-51, 54, 60-61, 64.

Appellant testified that he talked to Attorney Bruno about locating Buckner as a witness. *Id.* at 70. Appellant also testified that he had been incarcerated in the same facility as Peel for about 17 months before he communicated with him about his case. *Id.* at 88-89. According to Appellant,

he learned of Peel only after he received an email from Gorham on August 28, 2013. ***Id.*** at 71-73, 85-86.

On August 9, 2018, the PCRA court dismissed Appellant's PCRA petition for lack of merit. This timely-filed appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant contends the PCRA court "abused its discretion in denying [Appellant's PCRA] petition on the grounds that [Appellant] and his proffered witness [*sic*] were incredible."[5] Appellant's Brief at 6. He claims the PCRA court erred "because the credible testimony established that [Appellant] met his burden of pleading and proving a newly[-]discovered evidence claim" because Peel and Buckner "testified that [Victim] was the first aggressor and that [Appellant] acted in self-defense." Concise Statement, 9/19/2018, at ¶ 1.

We begin with our standard of review. "On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record." ***Commonwealth v. Miller***, 212 A.3d 1114, 1123 (Pa. Super. 2019) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this

---

[5] We note that while the PCRA court did not explicitly address Appellant's ineffective assistance of counsel claims, Appellant has abandoned them on appeal, and thus, they are waived. ***See*** Pa.R.A.P. 2119; ***Commonwealth v. Vance***, 2019 WL 4131349 at *2 (Pa. Super. 2019); ***see also*** Pa.R.A.P. 126(b).

- 7 -

Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.*** (citation and internal quotation marks omitted).

Pursuant to the PCRA, Appellant may be eligible for relief based upon after-discovered evidence only if he pleads and proves by a preponderance of the evidence that his conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). To warrant such relief, a petitioner must prove

> four distinct requirements, each of which, if unproven by the petitioner, is fatal to the request for a new trial. As stated, this four-part test requires the petitioner to demonstrate the new evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Small***, 189 A.3d 961, 972 (Pa. 2018) (citation omitted). "This test applies with full force to claims arising under [s]ection 9543(a)(2)(vi) of the PCRA." ***Id.***

With respect to Appellant's after-discovered evidence claim, the PCRA court "found that the testimony of Peel and Buckner lacked credibility. Therefore, [the PCRA] court dismissed the PCRA petition for lack of merit." PCRA Court Opinion, 10/2/2018, at 4.

Initially, we point out that Buckner's testimony cannot constitute after-discovered evidence regardless of the PCRA court's determination that he

lacked credibility. It is undisputed that Buckner was known as a possible witness at the time of trial. **See** Appellant's Brief at 7. Thus, with respect to Buckner's testimony, Appellant failed to satisfy the first prong of after-discovered evidence test because he failed to prove that Buckner's testimony "could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence."[6] **See Small**, **supra**; **Commonwealth v. Benner**, 147 A.3d 915, 919 (Pa. Super. 2016) ("[W]e may affirm a PCRA court's decision on any grounds if the record supports it.") (citation and internal quotation marks omitted).

We now turn to the PCRA court's finding that Peel's testimony lacked credibility. As noted *supra*, we are bound by the PCRA court's credibility determinations when they are supported by the record. **Miller**, **supra**; **see also Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa. Super. 2019) ("[C]redibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be

_____

[6] Further, we agree with the Commonwealth that Appellant also failed to prove the second prong of the after-discovered evidence test. Buckner's testimony, if believed, was "merely corroborative or cumulative" of Appellant's testimony at trial. **See Small**, **supra**; Commonwealth's Brief at 12-14, **comparing** N.T., 5/24/2018, at 9 (Buckner testifying at PCRA hearing that he saw Victim reaching for something before Appellant fired the first gunshot) **with** N.T., 12/10/2007, at 66-68 (Appellant testifying at trial that he fired a gunshot after he saw Victim reaching for the handle of a gun).

provided great deference by reviewing courts.") (citations and internal quotation marks omitted).

Instantly, although the PCRA court did not explain its credibility determination as to Peel, it is amply supported in the record. First, Peel's testimony lacked any corroboration that he was present the night of the shooting to indicate its trustworthiness. At trial, Appellant's testimony identified several individuals who were at the bar that night, but he never mentioned Peel's presence. When questioned about who was present that night, Peel was unable to recall the individuals Appellant had mentioned during his trial testimony. **Compare** N.T., 8/17/2017, at 28-29 (Peel's testifying before the PCRA court that he did not recall L.A., Old Head Black, or Buffy's presence at the bar that night); **with** N.T., 12/10/2007, at 58-59 (Appellant's testifying at trial that L.A., Old Head Black, Buffy, and Hoagie[7] were present at the bar that night). In addition, Peel incorrectly testified that when the Victim was shot, he fell in the middle of the bar, but on cross-examination, the Commonwealth confronted Peel with a photograph which showed Victim fell in the back of the bar close to the men's bathroom. N.T., 8/17/2017, at 5, 13-14, 30, 42, 47-48.

Next, Peel's testimony was subject to careful scrutiny due to his status as a fellow inmate, who was incarcerated in the same facility as Appellant

---

[7] Buckner's nickname is Hoagie. **See** Pro se Amended PCRA Petition, 8/23/2016, at ¶ 3.

- 10 -

when Peel came forward. *See* N.T., 8/17/2017, at 8. *Commonwealth v. Robinson*, 780 A.2d 675, 677 (Pa. Super. 2011) (finding status as a fellow inmate was a factor which undermined credibility of affidavit prepared by and testimony of inmate to assist Robinson in his after-discovered evidence PCRA claim). In addition, at the time Peel testified before the PCRA court, he was serving a term of 35½ to 71 years of incarceration,[8] effectively rendering insignificant any possible criminal charges stemming from his testimony. *See* N.T., 8/17/2017, at 15-16, 23. When the Commonwealth questioned Peel as to whether he had ever shot a gun, Peel claimed he had not. *Id.* at 15. The Commonwealth then elicited testimony wherein Peel admitted he had pleaded guilty to a charge of "shooting a cop." *Id.* at 15-16. Peel then changed his testimony, admitting he had fired a gun before. *Id.* Moreover, Peel's delay in telling Appellant his version of events undermined Peel's credibility. Peel and Appellant were housed at the same prison for 17 months before they supposedly had their first conversation about the incident in question. *See id.* at 54-56.

Finally, the inconsistencies between Peel's testimony before the PCRA court and Appellant's testimony at trial further diminished Peel's credibility. Peel testified that, after Victim had fallen, he took a gun that was near Victim's

---

[8] Peel's judgment of sentence became final on October 17, 2013, nearly four years before Peel testified at Appellant's PCRA hearing on August 17, 2017. *See Commonwealth v. Peel*, 2019 WL 2745593 at *1 (Pa. Super. 2019) (unpublished memorandum at 2) (citing *Commonwealth v. Peel*, 87 A.3d 384 (Pa. 2017) (unpublished memorandum)); Pa.R.A.P. 126(b).

- 11 -

hand. N.T., 8/17/2017, at 5-6, 45. At trial, Appellant testified that Victim never even had a chance to pull out a gun. N.T., 12/10/2007, at 67. Further, although Peel claimed he had been in the bar before the shooting, he did not remember any kind of incident between Appellant and Victim before the shooting. N.T., 8/17/2017, at 32-33, 35. In contrast, Appellant testified at trial that he and Victim had a confrontation in the bar where Victim kicked a chair out from underneath Appellant after Victim returned from the bathroom and saw Appellant sitting in the chair Victim had been using, Victim threw a punch at Appellant but missed when a woman stepped between them, and Victim hit Appellant in the shoulder. N.T., 12/10/2007, at 43.

Based on the foregoing, the record supports the PCRA court's determination that Peel's testimony lacked credibility and thus, we are bound by its finding. *Miller*, *supra*. Accordingly, Appellant has failed to satisfy the four-part test for his after-discovered evidence claim arising under section 9543(a)(2)(vi) of the PCRA, and his claim fails. *Small*, *supra*.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/19

- 12 -