J-S34009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFREY ALLEN REID, JR. | : | |
| | : | |
| Appellant | : | No. 300 MDA 2021 |

Appeal from the PCRA Order Entered February 5, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006147-2014

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:　　　　　**FILED: FEBRUARY 14, 2022**

Appellant, Jeffrey Allen Reid, Jr., appeals from the Order entered in the Court of Common Pleas of York County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

This Court previously set forth the underlying facts in addressing Appellant's direct appeal. ***See Commonwealth v. Reid***, 1194 MDA 2016 (Pa. Super. 2017). In sum, on July 19, 2014, Appellant, along with NaQuan Coakley, Malik Williams, and several other co-conspirators, embarked on a series of attempted robberies. In one of these attempts, the group planned to rob Appellant's friend, Deshaun Davis ("Victim"). A member of the group sent text messages to Victim to lure him to Union Street in York, where the group had congregated. When Victim arrived, Coakley shot and killed him. Before

fleeing the scene, Appellant took Victim's cell phone and, later, threw it off a bridge. The police never recovered Victim's phone.

At the conclusion of trial on March 10, 2016, a jury convicted Appellant of First-Degree Murder, Second-Degree Murder, Robbery, Conspiracy to commit Robbery, and two counts of Criminal Attempt to commit Robbery. On April 20, 2016, the trial court imposed an aggregate sentence of life without parole. On July 27, 2017, this Court affirmed Appellant's Judgment of Sentence. **See Reid**, 1194 MDA 2016. Appellant did not seek further review from the Pennsylvania Supreme Court.

On January 17, 2018, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed amended petitions raising numerous claims of ineffective assistance of trial counsel ("IAC"), on January 7, 2019, and April 1, 2019. The court held PCRA hearings on October 8 and 29, 2020,[1] at which Appellant and Appellant's trial counsel testified. With agreement from the Commonwealth, Appellant also read into the record a statement in lieu of testimony from the ADA who prosecuted his case. The statement indicated that the Commonwealth was unconcerned at trial with proving whether Appellant or Coakley shot Victim because Appellant was culpable for the murder in either factual scenario, as either the principal or an accomplice.[2] On

---

[1] A scheduling conflict on October 8, 2020, caused the PCRA court to truncate Appellant's first hearing and hold a second hearing on October 29, 2020.

[2] The transcript from the PCRA hearing provides no background information as to the genesis of the ADA's statement, and the record does not contain a written copy of the statement.

February 4, 2021, the PCRA court issued an Order and Opinion denying Appellant's petition.

Appellant timely filed a Notice of Appeal followed by a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court filed a Rule 1925(a) opinion referring his Court to its February 4, 2021 Order and Opinion as fully addressing Appellant's issues.

Appellant presents three issues for our review:

[1.] Whether the [PCRA] court erred by denying Appellant's PCRA petition as trial counsel was ineffective for failing to seek the phone records of the victim.

[2.] Whether the [PCRA] court erred by denying Appellant's PCRA petition as trial counsel was ineffective for failing to introduce the phone records counsel obtained after trial.

[3.] Whether the [PCRA] court erred by denying Appellant's PCRA petition as trial counsel was ineffective for failing to object or raise the issue of prosecutorial misconduct when the Commonwealth presented the testimony of Malik Williams of which the Commonwealth knew to be false.[]

Appellant's Br. at 4.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted). "However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our

- 3 -

scope of review is plenary." ***Commonwealth v. Benner***, 147 A.3d 915, 919 (Pa. Super. 2016) (citation omitted).

Appellant's three issues involve allegations of IAC. We presume counsel is effective. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). To overcome this presumption, a petitioner must plead and prove that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. ***Commonwealth v. Treiber***, 121 A.3d 435, 445 (Pa. 2015). To establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." ***Commonwealth v. Koehler***, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. ***See Jarosz***, 152 A.3d at 350.

In his first two issues, Appellant argues that his counsel was ineffective for failing to obtain Victim's cell phone record before trial. Appellant's Br. at 14-20. Appellant asserts that the record would have been pertinent to disprove the Commonwealth's theory that a member of his group sent Victim text messages to lure him to Union Street. ***Id.*** This issue is without merit.

The parties first learned on January 21, 2016, 46 days before trial, that a member of Appellant's group used text messages to lure Victim. ***See*** N.T. Hearing, 10/29/20, at 5. Appellant's counsel did not request Victim's phone

record before trial. Instead, counsel first sent a subpoena to Victim's cell phone carrier to obtain the record after trial. *Id.* at 15-16.

In response, Victim's carrier sent counsel a record "more akin to a phone bill than a phone record" that "did not prove the absence of messages to [Victim] on the night of the murder because the bill did not include text messaging information."[3] PCRA Ct. Op., 2/4/21, at 6. The carrier did not retain text message content as a matter of course and was, therefore, "unable to go back and get actual printouts of text messages from 2014[.]" N.T. Hearing, 10/29/20, at 13. *See* Cell Phone Record, 7/28/16, at 3. The PCRA court explained that, since the record did not disprove the Commonwealth's theory that someone in Appellant's group lured Victim using text messages, Appellant failed to prove that the record's absence changed the outcome of trial. PCRA Ct. Op. at 6.

We agree. Appellant's cell phone record lists only incoming and outgoing calls and does not indicate whether Victim sent or received text messages. *See* Cell Phone Record at 6-8. Thus, this record does not impugn the Commonwealth's theory of criminal liability and would not have changed the outcome of trial. Additionally, and critically, Appellant has presented no evidence to prove that he would have received any more useful documentation had counsel requested Victim's cell phone record immediately upon learning

---

[3] Appellant's repeated assertions to the contrary are disingenuous at best. *See* Appellant's Br. at 18-20 (repeatedly asserting, without citing to the cell phone record, that the record disproved the existence of text messages).

of its potential importance rather than approximately three months later. As a result, we affirm the PCRA court's denial of relief.[4]

In his third issue, Appellant asserts that trial counsel "was ineffective for failing to object to the Commonwealth's knowing introduction of false testimony at trial" by Malik Williams, one of Appellant's co-conspirators. Appellant's Br. at 21. Appellant argues that the ADA's statement that he read into the record at his PCRA hearing proves his claim. We disagree.

Williams, testifying for the Commonwealth at trial, stated that he saw Appellant shoot Victim. N.T. Trial at 196. The Commonwealth also presented other witnesses who offered conflicting testimony that either Appellant or Coakley shot Victim. *See id.* at 260-21. In the ADA's PCRA hearing statement, the ADA explained that the Commonwealth was uncertain whether Appellant was the principal or an accomplice in Victim's premeditated murder. N.T. Hearing, 10/8/20, at 4-5. The ADA was unconcerned with resolving that issue at trial, however, because the Commonwealth had charged Appellant as both the principal and an accomplice and, thus, Appellant "was equally culpable whether or not he was the shooter." *Id.* at 5.

_____

[4] Appellant additionally faults trial counsel for not filing a post-sentence motion for a new trial based on the cell phone record. *See* Appellant's Br. at 20. The PCRA court found this claim to be without merit. PCRA Ct. Op., 2/4/21, at 6. We agree. To obtain a new trial based on after-discovered evidence, the defendant must prove, *inter alia*, that the evidence "would likely result in a different verdict." *Commonwealth v. Murray*, 174 A.3d 1147, 1153 (Pa. Super. 2017). As the PCRA court explained, the cell phone record would not have likely resulted in a different verdict because it did not exculpate Appellant. Therefore, any request for a new trial based on the record would have been without merit.

Contrary to Appellant's assertion, nothing in the ADA's statement indicates, much less proves, that the Commonwealth offered knowingly false testimony at trial through Williams. Aside from Appellant's meritless contention and a boilerplate statement that trial counsel's alleged errors "undermined the truth-determining process[,]" Appellant makes absolutely no effort to prove that his claim satisfies the three prongs of the IAC test. Appellant' Br. at 22. This failure is fatal to Appellant's claim. **See Jarosz**, 152 A.3d at 350 (explaining that failure to satisfy any prong of the IAC test will result in denial of the claim). **See also Commonwealth v. Gibbs**, 981 A.2d 274, 284 (Pa. Super. 2009) (explaining that an appellant's failure to develop his or her argument to "persuade this Court that there were errors below, and convince us relief is due because of those errors" is fatal to the claim).

Having determined that Appellant did not satisfy the requirements for obtaining relief based on ineffective assistance of counsel, we conclude that the PCRA court did not abuse its discretion in entering its order denying relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/14/2022