J-S34007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN DAVID HAINES | : | |
| | : | |
| Appellant | : | No. 973 MDA 2021 |

Appeal from the PCRA Order Entered May 27, 2021
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s):  CP-44-CR-0000398-2019

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED:  FEBRUARY 15, 2022**

Appellant Sean David Haines appeals from the Order denying his petition for post-conviction relief, filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, in which he alleged ineffective assistance of plea counsel.  He contends that if plea counsel had investigated the value of the goods that Appellant stole, his crime of Receiving Stolen Property would have been graded as a misdemeanor rather than a felony.   After careful review, we affirm.

On August 6, 2019, Appellant stole numerous pieces of sound equipment from a vehicle owned by a disc jockey.  When police officer arrested Appellant, he had drug paraphernalia in his possession. The Commonwealth filed a criminal information charging Appellant with Receiving Stolen Property valued at $2,025, and Possession of Drug Paraphernalia.

On October 1, 2019, Appellant entered a negotiated guilty plea to one count of Receiving Stolen Property, graded as a third-degree felony ("F3").[1] In exchange, the Commonwealth agreed (1) not to prosecute Appellant on a charge of possession of drug paraphernalia, and (2) to recommend a low-range sentence of two to four years' incarceration. During his plea hearing, Appellant agreed that the facts set forth in the criminal information were accurate. The court immediately sentenced Appellant to the negotiated term of imprisonment, to run concurrently with a sentence imposed in an unrelated docket. At no time did Appellant attempt to withdraw his guilty plea. Appellant did not seek appellate review.[2]

On September 30, 2020, Appellant timely filed a *pro se* PCRA petition, alleging plea counsel provided ineffective assistance by not attempting to investigate the actual value of the items stolen so that he could then negotiate the grading of the offense down from a third-degree felony to a first-degree misdemeanor.[3] PCRA Petition, 9/30/20, at 2. The PCRA court appointed counsel, who did not file an amended PCRA Petition.

---

[1] 18 Pa.C.S. §§ 3925 and 3903(a.1).

[2] On August 18, 2020, Appellant filed a *pro se* Motion to Modify Sentence seeking a reduction in his sentence, citing the COVID pandemic and the general need to reduce the prison population for non-violent crimes. Citing Pa.R.Crim.P. 720(a)(1), the court denied the motion as untimely filed on September 8, 2020.

[3] The offense gravity score for the crime graded as a felony was 5 and Appellant had a prior record score of RFEL. If the value of the items stolen
*(Footnote Continued Next Page)*

The court held a hearing on April 29, 2021. Appellant's PCRA counsel argued that Appellant admitted that he stole the items due to his drug addiction, but contended that because plea counsel did not investigate the value of the stolen items before Appellant pled guilty to the crime graded as a felony, Appellant is serving a longer sentence than he would if counsel had investigated and negotiated the crime down to a misdemeanor.[4] For relief, PCRA counsel requested only that the court reclassify the crime from a third-degree felony to a first-degree misdemeanor. N.T. PCRA Hearing, 4/29/21, at 6. Appellant presented no evidence to support his claim that the items would have been valued at an aggregate of less than $2,000. On May 27, 2021, the PCRA court issued an Order and Opinion denying relief.

Appellant filed a timely Notice of Appeal followed by a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court filed a Rule 1925(a) opinion referring this Court to its May 27, 2021 Order and Opinion as fully addressing Appellant's issues.

---

were less than $2,000, the crime of Receiving Stolen Property would have been graded as a first-degree misdemeanor, reducing the offense gravity score to 3.

[4] Appellant's PCRA counsel did not call Appellant's plea counsel to testify at the hearing. PCRA counsel indicated he spoke with plea counsel and proffered that if called to testify, plea counsel "would say basically that [ ] he wasn't asked to look into it, it wasn't brought to his attention, and in his practice he doesn't look into something that his client doesn't make an issue for him as long as it seems reasonable on its fact. . . . I think it's not unreasonable to ask the Commonwealth to stipulate to that offer of proof as being what [plea counsel] would testify to[.]" *See* N.T. PCRA Hr'g, 4/29/21, at 5. The Commonwealth did not so stipulate.

In his brief, Appellant provides the following question for our review:

Did the trial court err in denying [] Appellant's petition for post-conviction relief, when his trial counsel failed to obtain and present evidence of the actual value of the items at issue, which would have reduced the grading of the offense from a felony of the third degree to a misdemeanor of the first degree, when there was no reasonable basis for trial counsel to fail to pursue such evidence?

Appellant's Br. at 2.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted). "However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it." *Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting *Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

To be eligible for relief under the PCRA, a petitioner must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2), including the ineffective assistance of counsel "which, in the circumstances of the particular case, so

undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). Ineffective assistance of plea counsel is the basis of Appellant's petition.

We presume counsel is effective. **Commonwealth v. Cox**, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must plead and prove that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. **Commonwealth v. Treiber**, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012) (citation omitted). A claim will be denied if the petitioner fails to meet any one of these prongs. **See Jarosz**, 152 A.3d at 350.

Appellant contends that "had trial counsel conducted an even cursory investigation into the valuation of the stolen property, he would have obtained information that would have undermined the Commonwealth's grading of the primary offense charged." Appellant's Br. at 8. He states that "[a]s used items, it is likely that their fair market value would be less than $2,000." **Id**. at 4, (citing N.T. PCRA Hr'g, 4/29/21, at 4, 9 (Appellant's counsel's argument)). Appellant observes that plea counsel's "failure to inquire into the evidence forming the basis for this element of the offense is the failure to

perform an essential duty of defense counsel. [ ] That failure prejudiced [Appellant] by subjecting him to a longer sentence." *Id*. at 9.

The PCRA court concluded that Appellant could not demonstrate that his claim had arguable merit. PCRA Ct. Op., filed 5/27/21, at 2. The court emphasized that Appellant entered into a negotiated plea agreement to one of two charged counts in exchange for a "low-end guideline sentence" that was ordered to run concurrently with a term of incarceration ordered at a separate docket. *See* Order and Opinion, filed May 27, 2021, at 2-3. The court found "that due to the negotiated sentence to the aforementioned charge and grading, counsel is not ineffective." *Id*. at 3. We agree that Appellant's PCRA claim warrants no relief, however, we do so on other grounds. *See Benner*, 147 A.3d at 919.

As noted above, in order to obtain relief, a PCRA petitioner must plead *and prove* that his underlying claim has arguable merit. *Treiber*, *supra*, at 445. "[B]ald assertions of . . . ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *Commonwealth v. Paddy*, 15 A.3d 431, 443 (Pa. 2011).

Our review of the record reveals that Appellant presented no testimonial or documentary evidence at the PCRA hearing to show that the value of the items was less than $2,000. Rather, PCRA counsel presented his own argument speculating that if plea counsel had investigated, he would have discovered that the items sell at values aggregating to less than $2,000.

"[A]rguments of counsel are not evidence." ***Commonwealth v. Ligons***, 773 A.2d 1231, 1238 (Pa. 2001). Without evidence showing that the value of the items was less than $2,000, Appellant could not prove that his underlying claim had arguable merit so as to support his averment that he suffered prejudice as a result of plea counsel's failure to investigate. As a result, Appellant failed to satisfy each prong of the ineffective assistance of counsel test.[5]

Having determined that Appellant did not satisfy the requirements for obtaining relief based on ineffective assistance of counsel, we conclude that the PCRA court did not abuse its discretion in entering its order denying relief. We, thus, affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/15/2022

---

[5] We also note that PCRA counsel's failure to call plea counsel to testify prevented the PCRA court from determining whether plea counsel had a reasonable strategy in his stewardship of the case.